# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
## ATTORNEYS AT LAW

570 BROAD STREET, 15th FLOOR
NEWARK, NEW JERSEY 07102
(973) 622-7711
FACSIMILE (973) 622-5314

ROBERT P. DONOVAN
Direct dial: (973) 565-2195
rdonovan@mdmc-law.com

July 3, 2019

**Via ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

   Re: **Lukas Kubilius, et al. v. Arizona Beverages USA LLC, et al.**
     **Civil Action No. 1:18-cv-09075-AT**
     **Defendants' Letter Addressing Plaintiffs' Deficient Responses to Request for Admissions**

Dear Judge Wang:

  This firm represents defendants ("Defendants") in the above matter. Kindly consider this letter to address plaintiffs' responses to requests for admissions pursuant to Your Honor's Order (ECF 67).

## Plaintiffs' Supplemental Responses to Requests for Admissions[1]

  Plaintiffs objected and did not respond to request numbers 86, 88, and 90, concerning their knowledge of ingredient contents, improperly objecting that they were duplicative of a prior request. Plaintiffs also refused to respond to several other requests erroneously claiming that they were duplicative as well. See request numbers 82, 84, 92, 98, 100, 102, 104, 106, 108, 110, 112, 114, 116, 118, 120, 122, 124, 126, 128, 144, 146, 153, 155, 157, 163, 183, 185, 187, 189, 191, 193, 195 and 197.

  At request numbers 93 through 96, plaintiffs were propounded requests concerning their alleged injuries. Plaintiffs objected and refused to answer those requests on the meritless grounds that the requests were either not relevant and/or duplicative of a prior request.

---

[1] Plaintiffs' supplemental responses to all of the requests, which refer to the requests propounded, are attached as Exhibits 1 through 3. The label exhibits, referenced in the requests, are annexed as Exhibit 4.

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Ona T. Wang, U.S.M.J.
July 3, 2019
Page 2

With regard to request numbers 129, 130 and 151, plaintiffs persisted in the refusal to respond to these requests which bear upon allegations on class certification including the factual question of adequacy.

At numbers 69 through 72, 152 through 163 and 170 through 181, plaintiffs were propounded requests concerning their purchases of other items of food or beverage that contain, *inter alia*, honey, antioxidants, citric acid, ascorbic acid, HFCS and/or other iced tea beverages. Plaintiffs' objection and refusal to answer on the grounds of non-relevance and/or duplication are makeweight. Plaintiffs' consumption of other beverages and/or foods that contain the ingredients complained of is relevant of purchasing and consumption habits which bear upon, *inter alia*, class certification issues, materiality and alleged deception.

Any and all responses based upon plaintiffs stating that plaintiff "does not recall" are not valid responses under the rules. Rule 36 requires that the responding party state specifically the reasons why said party cannot admit or deny and also must specify that the party has made a reasonable inquiry in its attempt to respond to the request and that the information plaintiff knows or can readily obtain is insufficient to enable plaintiff to admit or deny. The responses which contain the statement "cannot recollect" and/or "cannot recall" include responses to numbers 54 through 58, 60 through 68, 77, 78, 79, 87, 89, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 182, 184, 186, 188, 190, 192, 194 and 196. Many of these requests inquire whether plaintiffs purchased, or did not purchase, beverages having labels which were annexed as exhibits (See Exhibit 4). Plaintiffs' answer of not recalling what labels looked like is not responsive.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Robert P. Donovan

#3848983