# Exhibit 1

## Plaintiff Lukas Kubilius's Supplemental  Responses and Objections to Requests for Admission

Lee Litigation Group, PLLC
C.K. Lee, Esq.
148 W. 24th Street, 8th Floor
New York, NY 10011
cklee@leelitigation.com
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs and the Class*

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKAS KUBILIUS, VANESSA KAILEY, MAKAYLO VAN PEEBLES, on behalf of themselves and others similarly situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>         Defendants. | Civil Action No. 1:18-CV-09075-AT<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INITIAL REQUESTS FOR ADMISSION TO PLAINTIFF, LUKAS KUBILIUS** |

TO: McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
   ROBERT P. DONOVAN, ESQ.
   *rdonovan@mdmc-law.com*
   570 Broad Street, Suite 1500
   Newark, New Jersey 07102
   Telephone: (973) 622-7711
   Facsimile: (973) 622-5314
   Attorneys for Defendants, Arizona Beverages USA LLC,
   Hornell Brewing Co., Inc., Beverage Marketing USA, Inc.,
   Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC

Plaintiff, Lukas Kubilius (herein "Plaintiff") by his counsel, Lee Litigation Group, PLLC, hereby sets forth his supplemental responses and, where appropriate, objections to Defendant's Initial Request for Admission to Plaintiff Lukas Kubilius.

## GENERAL OBJECTIONS

1.      Plaintiff asserts the following General Objections to each of Defendants' Requests. By making these responses ("Responses"), Plaintiff does not concede that the information/documentation is properly discoverable or admissible at trial. Plaintiff reserves the right to object to further discovery into the subject matter of each Request and to object to the admissibility of the information/documentation provided.

2.      These Responses are made based upon knowledge and belief in regard to the matters asserted in the Complaint and the facts as understood at the time of this response.

3.      Plaintiff neither represents nor otherwise concedes that the information disclosed herein are relevant to this matter. Plaintiff reserves his rights to object to or move to preclude any item from being introduced into evidence based upon any legal ground including attorney-client privilege, attorney work product, or other privilege, as well as relevance or otherwise at the time of trial.

4.      By making these Responses, Plaintiff does not waive and hereby reserves any rights he may have to object to questions and/or testimony or other discovery based on valid assertions of attorney-client privilege, attorney work product, or other privilege or relevance.

5.      Plaintiff reserves his ongoing rights to amend and/or supplement these Responses in accordance with the results of Plaintiff's continuing investigation and discovery taken in this action.

2

6.      Plaintiff objects to these Requests to the extent they seek information that is subject to the attorney-client privilege, the attorney work product privilege, or that was prepared in anticipation of litigation, in preparation for trial, and/or any other applicable privilege. Responses will be made without waiving, but on the contrary reserving and intending to reserve, each of those privileges. If any such privileged information is disclosed, except pursuant to a specific written agreement covering such disclosure, the disclosure shall be deemed inadvertent and will not be intended to waive or prejudice any applicable privilege or immunity from disclosure.

7.      Plaintiff objects to these Requests to the extent they seek information that is not in Plaintiff's possession, custody, or control.

8.      Plaintiff objects to these Requests to the extent that they are overbroad, oppressive and unduly burdensome, insofar as they seek information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

9.      Plaintiff objects to these Requests to the extent that they are vague and are not limited in either scope or duration.

10.      All General Objections apply to each specific Request without reiteration therein. A specific objection to a Request that expressly incorporates the substance of a General Objection is not intended to be and shall not be deemed a waiver of the applicability of any General Objection to any other Request.

11.      Where two or more Requests call or arguably call for the same response or production of the same information, materials or category of materials, an objection made to one

Request is deemed to be made as to all Requests that seek the same responses or the production of the same materials or category of materials.

12.    In making these Responses and Objections, Plaintiff does not intend to and shall not be deemed to waive any objections as to relevance, materiality, authenticity, or admissibility of evidence in this action or elsewhere. All such objections are specifically reserved.

13.    Plaintiff reserves the right to amend or supplement his responses and objections to these Requests.

14.    These general objections are applicable to each Request and will not be repeated unless necessary for clarification.

## REQUESTS

1.    Admit or deny Plaintiff Kubilius purchased an Arizona Iced Tea with Lemon Flavor between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

2.    Admit or deny Plaintiff Kubilius did not purchase an Arizona Iced Tea with Lemon Flavor between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 1.

3.    Admit or deny Plaintiff Kubilius purchased an Arizona Green Tea with Ginseng and Honey between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

4

4.      Admit or deny Plaintiff Kubilius did not purchase an Arizona Green Tea with Ginseng and Honey between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 3.

5.      Admit or deny Plaintiff Kubilius purchased an Arizona Arnold Palmer Lite Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Admitted.

6.      Admit or deny Plaintiff Kubilius did not purchase an Arizona Arnold Palmer Lite Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 5.

7.      Admit or deny Plaintiff Kubilius purchased an Arizona Peach Zero Calorie Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

8.      Admit or deny Plaintiff Kubilius did not purchase an Arizona Peach Zero Calorie Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 7.

9.      Admit or deny Plaintiff Kubilius purchased an Arizona Diet Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

5

To the best of Plaintiff's recollection, admitted.

10.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Diet Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 7.

11.     Admit or deny Plaintiff Kubilius purchased an Arizona Raspberry Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

12.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Raspberry Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 11.

13.     Admit or deny Plaintiff Kubilius purchased an Arizona Cranberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

14.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Cranberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 13.

15.     Admit or deny Plaintiff Kubilius purchased an Arizona Grapeade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      16.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Grapeade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 15.

      17.     Admit or deny Plaintiff Kubilius purchased an Arizona Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      18.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 17.

      19.     Admit or deny Plaintiff Kubilius purchased an Arizona Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      20.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 19.

21.    Admit or deny Plaintiff Kubilius purchased an Arizona Raspberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

22.    Admit or deny Plaintiff Kubilius did not purchase an Arizona Raspberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 21.

23.    Admit or deny Plaintiff Kubilius purchased an Arizona Energy Drink Extreme Performance Fruit Punch between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

24.    Admit or deny Plaintiff Kubilius did not purchase an Arizona Energy Drink Extreme Performance Fruit Punch between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 23.

25.    Admit or deny Plaintiff Kubilius purchased an Arizona Energy Drink Extreme Performance between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

26.    Admit or deny Plaintiff Kubilius did not purchase an Arizona Energy Drink Extreme Performance between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 25.

27.     Admit or deny Plaintiff Kubilius purchased an Arizona Energy Drink Low Carb Performance between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

28.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Energy Drink Low Carb Performance between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 27.

29.     Admit or deny Plaintiff Kubilius purchased an Arizona Real Brewed Sweet Tea at some point between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

30.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Real Brewed Sweet Tea at some point between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 29.

31.     Admit or deny Plaintiff Kubilius purchased an Arizona Arnold Palmer Zero Half Iced Tea Half Lemonade at some point between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

32.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Arnold Palmer Zero Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

9

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 31.

33.    Admit or deny Plaintiff Kubilius purchased an Arizona Watermelon Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

34.    Admit or deny Plaintiff Kubilius did not purchase an Arizona Watermelon Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 33.

35.    Admit or deny Plaintiff Kubilius purchased an Arizona Fruit Punch Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

36.    Admit or deny Plaintiff Kubilius did not purchase an Arizona Fruit Punch Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 35.

37.    Admit or deny Plaintiff Kubilius purchased an Arizona Mucho Mango Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

38.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Mucho Mango Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 37.

39.     Admit or deny Plaintiff Kubilius purchased an Arizona Rx Energy Herbal Tonic between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

40.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Rx Energy Herbal Tonic between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 39.

41.     Admit or deny Plaintiff Kubilius purchased an Arizona Rx Stress Herbal Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

42.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Rx Stress Herbal Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 41.

43.     Admit or deny Plaintiff Kubilius purchased an Arizona Zero Green Tea With Ginseng between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

44.     Admit or deny Plaintiff Kubilius did not purchase an Arizona Zero Green Tea With Ginseng between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kubilius objects to the Request to the extent that it is duplicative of Request No. 43.

45.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the flavor of that product.

**Response:**

Admitted.

46.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the taste of that product.

**Response:**

Admitted.

47.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the value of that product.

**Response:**

Plaintiff objects to this request on the grounds that it is vague as to the definition of "value".

48.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the price of that product.

**Response:**

Admitted.

49.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because there were no other similar beverages available at the particular store.

**Response:**

Plaintiff objects to this request to the extent that it is vague and ambiguous and overbroad. The request is unclear and deficient as to what definition of "other similar beverages" it demands a response to.

50.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of thirst.

**Response:**

Admitted.

51.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the cost of that product.

**Response:**

Plaintiff refers Defendant to the response to Request No. 48.

52.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the quantity contained in the container.

**Response:**

Admitted.

53.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because he did not want to drink a carbonated beverage.

**Response:**

Denied.

54.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the calories contained in the product.

**Response:**

Plaintiff cannot recollect whether the calories contained in the product was a consideration.

13

55.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the nutrients contained in the product.

**Response:**

Plaintiff cannot recollect whether the nutrients contained in the product was a consideration.

56.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because the product contained Vitamin C.

**Response:**

Plaintiff cannot recollect whether the Vitamin C contained in the product was a consideration.

57.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because the product did not contain sugar.

**Response:**

Plaintiff cannot recollect whether the sugar content was a consideration.

58.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because the product did not contain a sweetener.

**Response:**

Plaintiff cannot recollect whether the sweetener contained in the product was a consideration.

59.     Admit or deny that each time Plaintiff Kubilius purchased an Arizona Beverage he read the statement of ingredients on the label prior to that purchase.

**Response:**

Denied.

60.     Admit or deny Plaintiff Kubilius purchased an Arizona Beverage in part because of the brand name.

**Response:**

Plaintiff cannot recollect whether the brand name was a consideration.

61.     Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed an antioxidant was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed an antioxidant was a preservative prior to April 25, 2018.

62.     Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed an antioxidant was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 61.

63.     Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed that a product that lowered pH levels was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that a product that lowered pH levels was a preservative prior to April 25, 2018.

64.     Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed that a product that lowered pH levels was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 63. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 63.

65.     Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed that an ingredient with antimicrobial effects was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that that an ingredient with antimicrobial effects was a preservative prior to April 25, 2018.

66.    Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed that an ingredient with antimicrobial effects was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 65. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 65.

67.    Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed that Vitamin C can act as a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that Vitamin C was a preservative prior to April 25, 2018.

68.    Admit or deny that prior to April 25, 2018, Plaintiff Kubilius believed that Vitamin C did not act as a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 67. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 67.

69.    Admit or deny that Plaintiff Kubilius purchased and consumed products containing honey since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass.

70.    Admit or deny that Plaintiff Kubilius has not purchased and consumed products containing honey since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 69. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 69.

71.     Admit  or  deny  that  Plaintiff  Kubilius  purchased  and  consumed  products containing garlic since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass.

72.     Admit or deny that Plaintiff Kubilius has not purchased or consumed products containing garlic since October 3, 2012.

**Response:**

Plaintiff  objects  to  this  request  to  the  extent  that  it  is  duplicative  of  Request  No.  71. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 71.

73.     Admit  or  deny  that  Plaintiff  Kubilius  purchased  and  consumed  products containing pineapple since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass. Notwithstanding the foregoing objections, admitted.

74.     Admit  or  deny  that  Plaintiff  Kubilius  did  not  purchase  or  consume  products containing pineapple since October 3, 2012.

**Response:**

Plaintiff  objects  to  this  request  to  the  extent  that  it  duplicative  of  Request  No.  73. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 73.

75.     Admit or deny that Plaintiff Kubilius purchased and consumed red wine since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass. Notwithstanding the foregoing objections, admitted.

76.     Admit or deny that Plaintiff Kubilius has not purchased and consumed red wine since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 75. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 75.

77.     Admit or deny that Plaintiff Kubilius purchased the product referenced in paragraph 19 of the Complaint because of the reference to "lite" on the label.

**Response:**

Plaintiff cannot recollect whether reference to "lite" on the label was a consideration in purchasing the product.

78.     Admit or deny that Plaintiff Kubilius purchased the product referenced in paragraph 19 of the Complaint because of the reference to "lemonade" on the label.

**Response:**

Plaintiff cannot recollect whether reference to "lemonade" on the label was a consideration in purchasing the product.

79.     Admit or deny that Plaintiff Kubilius purchased the product referenced in paragraph 19 of the Complaint because of the photograph of Arnold Palmer on the label.

**Response:**

Plaintiff cannot recollect whether the photograph of Arnold Palmer on the label on the label was a consideration in purchasing the product.

80.     Admit or deny that at times Plaintiff Kubilius purchased the Arizona Beverage without reading the statement of ingredients on the label.

**Response:**

Admitted.

18

81.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius knew that citric acid was an ingredient in that product.

**Response:**

Denied.

82.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did not know that citric acid was an ingredient in that product.

**Response:**

Plaintiff objects to the extent that it is duplicative of Request No. 81. Notwithstanding the
foregoing objections, Plaintiff refers Defendants to the response to Request No. 81.

83.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius knew that ascorbic acid was an ingredient in that product.

**Response:**

Denied.

84.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did not know that ascorbic acid was an ingredient in that product.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 83.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 83.

85.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius knew that high-fructose corn syrup ("HFCS") was an ingredient in that

product.

**Response:**

Denied.

86.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did not know that HFCS was an ingredient in that product.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 85. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 85.

87.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius knew that the product was sweetened.

**Response:**

Plaintiff cannot recollect whether he knew the product was sweetened.

88.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did not know that the product was sweetened.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 87. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 87.

89.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius knew that the product contained calories.

**Response:**

Plaintiff cannot recollect whether he knew the product contained calories.

90.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did not know that the product contained calories.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 89. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 89.

91.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did not have any concern about the ingredients in the product.

**Response:**

Denied.

92.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kubilius did have a concern about the ingredients in the product.

**Response:**

Plaintiff objects to this request to the extent that it is vague and ambiguous. Plaintiff objects to this request to the extent that it is duplicative of Request No. 91.

93.     Admit or deny that Plaintiff Kubilius has been diagnosed with diabetes.

**Response:**

Plaintiff objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

94.     Admit or deny that Plaintiff Kubilius has never been diagnosed with diabetes.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 93.

95.     Admit or deny that Plaintiff Kubilius has been diagnosed with obesity.

**Response:**

Plaintiff objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

96.     Admit or deny that Plaintiff Kubilius has never been diagnosed with obesity.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 95.

97.     Admit or deny that Plaintiff Kubilius suffered personal injury from consuming

any Arizona Beverage.

**Response:**

21

Admitted.

98.      Admit or deny that Plaintiff Kubilius did not suffer personal injury from consuming any Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 97.

99.      Admit or deny that Plaintiff Kubilius received medical treatment from a licensed physician due to consuming any Arizona Beverage.

**Response:**

Denied.

100.      Admit or deny that Plaintiff Kubilius never received medical treatment from a licensed physician due to consuming any Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 99.

101.      Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "A".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

102.      Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "A".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 101. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 101.

103.      Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "B".

22

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

104. Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "B".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 103. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 103.

105. Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "C".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

106. Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "C".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 105. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 105.

107. Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "D".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

108. Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "D".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 107. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 107.

109.   Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "E".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

110.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "E".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 109. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 109.

111.   Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "F".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

112.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "F".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 111. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 111.

113.   Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "G".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

114.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "G".

24

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 113. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 113.

115.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "H".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

116.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "H".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 115. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 115.

117.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "I".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

118.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "I".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 117. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 117.

119.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "J".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

120.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "J".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 119. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 119.

121.   Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "K".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

122.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "K".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 121. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 121.

123.   Admit or deny that Plaintiff Kubilius formed a belief that citric acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

124.   Admit or deny that Plaintiff Kubilius had not formed a belief that citric acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 123.

125.   Admit or deny that Plaintiff Kubilius formed a belief that ascorbic acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

126.    Admit or deny that Plaintiff Kubilius had not formed a belief that ascorbic acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 125.

127.    Admit or deny that Plaintiff Kubilius formed a belief that HFCS may be harmful to one's health before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

128.    Admit or deny that Plaintiff Kubilius had not formed a belief that HFCS may be harmful to one's health before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 127.

129.    Admit or deny that the Putative Class includes every single resident in the United States who purchased, within the six-year period immediately preceding October 3, 2018, any Arizona Beverage in the United States for the same reason(s) Plaintiff Kubilius made each purchase.

**Response:**

Plaintiff objects to this request to the extent that it calls for a legal conclusion.

130.    Admit or deny that the Putative Class includes every single resident in the State of New York who purchased, within the six-year period immediately preceding October 3, 2018,

any Arizona Beverage in the State of New York for the same reason(s) Plaintiff Kubilius made each purchase.

**Response:**

Plaintiff objects to this request to the extent that it calls for a legal conclusion.

131.   Admit or deny that Plaintiff Kubilius purchased more than 10 items of Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

132.   Admit or deny that Plaintiff Kubilius purchased more than 20 items of Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

133.   Admit or deny that Plaintiff Kubilius purchased more than 50 items of Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

134.   Admit or deny that prior to the six-year period immediately preceding October 3, 2018, Plaintiff Kubilius purchased Arizona Beverages.

**Response:**

Admitted.

135.   Admit or deny that after October 3, 2018, Plaintiff Kubilius purchased an Arizona Beverage.

**Response:**

Denied.

136.    Admit or deny that the purchase of an Arizona Beverage on April 25, 2018, was the last time Plaintiff Kubilius purchased an Arizona Beverage.

**Response:**

Admitted.

137.    Admit or deny that, in the event the labeling of Arizona Beverages is changed in the manner sought in the Complaint, Plaintiff Kubilius will purchase an Arizona Beverage.

**Response:**

Admitted.

138.    Admit or deny that, in the event the labeling of Arizona Beverages is changed in the manner sought in the Complaint, Plaintiff Kubilius will not purchase an Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 137. Plaintiff refers Defendants to the response to Request No. 137.

139.    Admit or deny that Plaintiff Kubilius has not suffered any economic loss as a result of purchasing any Arizona Beverage during the six-year period immediately preceding the filing of the Complaint.

**Response:**

Denied.

140.    Admit or deny that Plaintiff Kubilius has not suffered any non-economic loss as a result of purchasing any Arizona Beverage during the six-year period immediately preceding the filing of the Complaint.

**Response:**

Denied.

29

141.    Admit or deny that Plaintiff Kubilius purchased an Arizona Beverage for one reason.

**Response:**

Denied.

142.    Admit or deny that Plaintiff Kubilius purchased an Arizona Beverage for more than one reason.

**Response:**

Admitted.

143.    Admit or deny that Plaintiff Kubilius is unaware of all the reasons why other members of the putative class purchased Arizona Beverages.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous. Notwithstanding the foregoing objections, denied.

144.    Admit or deny that Plaintiff Kubilius is aware of all the reasons why other members of the putative class purchase Arizona Beverages.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous. Plaintiff further objects to this request to the extent that it is duplicative of Request No. 143. Plaintiff refers Defendants to the response to Request No. 143.

145.    Admit or deny that Plaintiff Kubilius was unaware of the existence of HFCS in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Admitted.

146.   Admit or deny that Plaintiff Kubilius was aware of the existence of HFCS in an Arizona Beverage prior to April 25, 2018.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 145. Plaintiff refers Defendants to the response to Request No. 145.

147.   Admit or deny that Plaintiff Kubilius was unaware of the existence of citric acid in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Admitted.

148.   Admit or deny that Plaintiff Kubilius was aware of the existence of ascorbic acid in an Arizona Beverage prior to April 25, 2018.

**Response:**

Denied.

149.   Admit or deny that Plaintiff Kubilius was unaware of the existence of citric acid in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Plaintiff objects to this request as it is duplicative of Request No. 147.

150.   Admit or deny that Plaintiff Kubilius was aware of the existence of citric acid in any Arizona Beverage prior to April 25, 2018.

**Response:**

Plaintiff objects to the extent that it is duplicative of Request Nos. 147 and 149. Plaintiff refers Defendants to the response to Request No. 149.

151.   Admit or deny that Plaintiff Kubilius is obligated to pay all reasonable and necessary expenses he incurs in this litigation.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the request is subject to attorney-client privilege. Plaintiff further objects to this request to the extent that it calls for a legal, not a factual, conclusion.

152.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kubilius has purchased other items of food and/or beverage which contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

153.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kubilius has never purchased other items of food and/or beverage which contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 152.

154.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kubilius has purchased other items of food and/or beverage which contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

155.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kubilius has never purchased other items of food and/or beverage which contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 154.

156.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kubilius has purchased other items of food and/or beverage which contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

157.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kubilius has never purchased other items of food and/or beverage which contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 156.

158.    Admit or deny that, after October 3, 2018, Plaintiff Kubilius has purchased food and/or beverages that contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 152 and 153 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

159.    Admit or deny that, after October 3, 2018, Plaintiff Kubilius has not purchased food and/or beverages that contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 158.

160.    Admit or deny that, after October 3, 2018, Plaintiff Kubilius has purchased food and/or beverages that contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 154 and 155 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

161.    Admit or deny that, after October 3, 2018, Plaintiff Kubilius has not purchased food and/or beverages that contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 160.

162.    Admit or deny that, after October 3, 2018, Plaintiff Kubilius has purchased food and/or beverages that contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 156 and 157 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

163.    Admit or deny that, after October 3, 2018, Plaintiff Kubilius has not purchased food and/or beverages that contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 162.

164.    Admit or deny that Plaintiff Kubilius considers himself more health conscious than his friends.

**Response:**

Plaintiff objects to this request on the grounds that it is vague and ambiguous. Plaintiff further objects to this request on the grounds that it is not relevant to any party's claim or defense as it defines its subject matter as Plaintiff's personal viewpoints and relationships which have no relevance to this case, and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

165.    Admit or deny that, Plaintiff Kubilius considers himself less health conscious than his friends.

**Response:**

Plaintiff refers Defendants to the response to Request No. 164.

166.    Admit or deny that Plaintiff Kubilius does not consider himself less or more health conscious than his friends.

**Response:**

Plaintiff refers Defendants to the response to Request No. 164.

167.    Admit or deny that each time he purchased an Arizona Beverage, Plaintiff Kubilius personally consumed same.

**Response:**

Admitted.

168.    Admit or deny that Plaintiff Kubilius purchased an Arizona Beverage in part because that product was labeled "No Preservatives".

**Response:**

Admitted.

169.   Admit or deny that Plaintiff Kubilius purchased an Arizona Beverage solely because that product was labeled "No Preservatives".

**Response:**

Denied.

170.   Admit or deny that Plaintiff Kubilius purchased a Lipton Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

171.   Admit or deny that Plaintiff Kubilius did not purchase a Lipton Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 170.

172.   Admit or deny that Plaintiff Kubilius purchased a Twinings Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

173.   Admit or deny that Plaintiff Kubilius did not purchase a Twinings Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 172.

174.   Admit or deny that Plaintiff Kubilius purchased a Nestea Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

175.   Admit or deny that Plaintiff Kubilius did not purchase a Nestea Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 174.

176.   Admit or deny that Plaintiff Kubilius purchased a Snapple Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

177.   Admit or deny that Plaintiff Kubilius did not purchase a Snapple Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 176.

178.    Admit or deny that Plaintiff Kubilius purchased a Gold Peak Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

179.    Admit or deny that Plaintiff Kubilius did not purchase a Gold Peak Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 178.

180.    Admit or deny that Plaintiff Kubilius purchased a Pure Leaf Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

181.    Admit or deny that Plaintiff Kubilius did not purchase a Pure Leaf Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 180.

182.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "L".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

183.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "L".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 182.

184.   Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "M".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

185.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "M".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 184.

186.   Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "N".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

187.   Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "N".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 186.

188.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "O".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

189.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "O".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 188.

190.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "P".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

191.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "P".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 190.

192.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "Q".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

193.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "Q".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 192.

194.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "R".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

195.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "R".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 194.

196.    Admit or deny that Plaintiff Kubilius purchased a product bearing a label annexed hereto as Exhibit "S".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

197.    Admit or deny that Plaintiff Kubilius never purchased a product bearing a label annexed hereto as Exhibit "S".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 196.

Dated: New York, New York                    LEE LITIGATON GROUP, PLLC

    June 11, 2019                    By: /s/ C.K. Lee
                                            C.K. Lee, Esq.
                                            148 W. 24th Street, 8th Floor
                                            New York, NY 10011
                                            cklee@leelitigation.com
                                            Tel.: (212) 465-1188
                                            Fax: (212) 465-1181
                                            *Attorneys for Plaintiffs and the Class*

TO:   MCELROY DEUTSCH MULVANEY & CARPENTER, LLP
       Robert P. Donovan
       570 Broad Street, Suite 1500
       Newark, NJ 07102
       Tel: 973-565-2195
       rdonovan@mdmc-law.com
       *Attorneys for Defendants*

# VERIFICATION

I,_____Lukas Kubilius_____, hereby declare under penalty of perjury that I have read the foregoing responses the request for admissions and believe it to be true to the best of my knowledge and belief.

Date: _____6/11/19_____          _____Lukas Kubilius_____

# Exhibit 2

**Plaintiff Makaylo Van Peebles's Supplemental  Responses and Objections to Requests for Admission**

Lee Litigation Group, PLLC
C.K. Lee, Esq.
148 W. 24th Street, 8th Floor
New York, NY 10011
cklee@leelitigation.com
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs and the Class*

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKAS KUBILIUS, VANESSA KAILEY, MAKAYLO VAN PEEBLES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | Civil Action No. 1:18-CV-09075-AT<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INITIAL REQUESTS FOR ADMISSION TO PLAINTIFF, MAKAYLO VAN PEEBLES** |

TO:   McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
      ROBERT P. DONOVAN, ESQ.
      *rdonovan@mdmc-law.com*
      570 Broad Street, Suite 1500
      Newark, New Jersey 07102
      Telephone: (973) 622-7711
      Facsimile: (973) 622-5314
      Attorneys for Defendants, Arizona Beverages USA LLC,
      Hornell Brewing Co., Inc., Beverage Marketing USA, Inc.,
      Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC

Plaintiff, Makaylo Van Peebles (herein "Plaintiff") by his counsel, Lee Litigation Group, PLLC, hereby sets forth his supplemental responses and, where appropriate, objections to Defendant's Initial Requests for Admission to Plaintiff Makaylo Van Peebles.

## GENERAL OBJECTIONS

1.      Plaintiff asserts the following General Objections to each of Defendants' Requests. By making these responses ("Responses"), Plaintiff does not concede that the information/documentation is properly discoverable or admissible at trial. Plaintiff reserves the right to object to further discovery into the subject matter of each Request and to object to the admissibility of the information/documentation provided.

2.      These Responses are made based upon knowledge and belief in regard to the matters asserted in the Complaint and the facts as understood at the time of this response.

3.      Plaintiff neither represents nor otherwise concedes that the information disclosed herein are relevant to this matter. Plaintiff reserves his rights to object to or move to preclude any item from being introduced into evidence based upon any legal ground including attorney-client privilege, attorney work product, or other privilege, as well as relevance or otherwise at the time of trial.

4.      By making these Responses, Plaintiff does not waive and hereby reserves any rights he may have to object to questions and/or testimony or other discovery based on valid assertions of attorney-client privilege, attorney work product, or other privilege or relevance.

5.      Plaintiff reserves his ongoing rights to amend and/or supplement these Responses in accordance with the results of Plaintiff's continuing investigation and discovery taken in this action.

2

6.      Plaintiff objects to these Requests to the extent they seek information that is subject to the attorney-client privilege, the attorney work product privilege, or that was prepared in anticipation of litigation, in preparation for trial, and/or any other applicable privilege. Responses will be made without waiving, but on the contrary reserving and intending to reserve, each of those privileges. If any such privileged information is disclosed, except pursuant to a specific written agreement covering such disclosure, the disclosure shall be deemed inadvertent and will not be intended to waive or prejudice any applicable privilege or immunity from disclosure.

7.      Plaintiff objects to these Requests to the extent they seek information that is not in Plaintiff's possession, custody, or control.

8.      Plaintiff objects to these Requests to the extent that they are overbroad, oppressive and unduly burdensome, insofar as they seek information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

9.      Plaintiff objects to these Requests to the extent that they are vague and are not limited in either scope or duration.

10.     All General Objections apply to each specific Request without reiteration therein. A specific objection to a Request that expressly incorporates the substance of a General Objection is not intended to be and shall not be deemed a waiver of the applicability of any General Objection to any other Request.

11.     Where two or more Requests call or arguably call for the same response or production of the same information, materials or category of materials, an objection made to one

3

Request is deemed to be made as to all Requests that seek the same responses or the production of the same materials or category of materials.

12.     In making these Responses and Objections, Plaintiff does not intend to and shall not be deemed to waive any objections as to relevance, materiality, authenticity, or admissibility of evidence in this action or elsewhere. All such objections are specifically reserved.

13.     Plaintiff reserves the right to amend or supplement his responses and objections to these Requests.

14.     These general objections are applicable to each Request and will not be repeated unless necessary for clarification.

## REQUESTS

1.     Admit or deny Plaintiff Van Peebles purchased an Arizona Iced Tea with Lemon Flavor between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

2.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Iced Tea with Lemon Flavor between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 1.

3.     Admit or deny Plaintiff Van Peebles purchased an Arizona Green Tea with Ginseng and Honey between October 3, 2012 and October 3, 2018.

**Response:**

Admitted.

4

4.      Admit or deny Plaintiff Van Peebles did not purchase an Arizona Green Tea with Ginseng and Honey between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 3.

5.      Admit or deny Plaintiff Van Peebles purchased an Arizona Arnold Palmer Lite Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

6.      Admit or deny Plaintiff Van Peebles did not purchase an Arizona Arnold Palmer Lite Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 5.

7.      Admit or deny Plaintiff Van Peebles purchased an Arizona Peach Zero Calorie Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

8.      Admit or deny Plaintiff Van Peebles did not purchase an Arizona Peach Zero Calorie Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 7.

9.      Admit or deny Plaintiff Van Peebles purchased an Arizona Diet Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

10.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Diet Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 7.

11.     Admit or deny Plaintiff Van Peebles purchased an Arizona Raspberry Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

12.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Raspberry Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 11.

13.     Admit or deny Plaintiff Van Peebles purchased an Arizona Cranberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

14.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Cranberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 13.

15.     Admit or deny Plaintiff Van Peebles purchased an Arizona Grapeade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      16.    Admit or deny Plaintiff Van Peebles did not purchase an Arizona Grapeade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 15.

      17.    Admit or deny Plaintiff Van Peebles purchased an Arizona Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      18.    Admit or deny Plaintiff Van Peebles did not purchase an Arizona Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 17.

      19.    Admit or deny Plaintiff Van Peebles purchased an Arizona Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      20.    Admit or deny Plaintiff Van Peebles did not purchase an Arizona Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 19.

21.     Admit or deny Plaintiff Van Peebles purchased an Arizona Raspberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

22.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Raspberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 21.

23.     Admit or deny Plaintiff Van Peebles purchased an Arizona Energy Drink Extreme Performance Fruit Punch between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

24.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Energy Drink Extreme Performance Fruit Punch between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 23.

25.     Admit or deny Plaintiff Van Peebles purchased an Arizona Energy Drink Extreme Performance between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

26.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Energy Drink Extreme Performance between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 25.

27.     Admit or deny Plaintiff Van Peebles purchased an Arizona Energy Drink Low Carb Performance between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

28.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Energy Drink Low Carb Performance between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 27.

29.     Admit or deny Plaintiff Van Peebles purchased an Arizona Real Brewed Sweet Tea at some point between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

30.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Real Brewed Sweet Tea at some point between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 29.

31.     Admit or deny Plaintiff Van Peebles purchased an Arizona Arnold Palmer Zero Half Iced Tea Half Lemonade at some point between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

32.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Arnold Palmer Zero Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 31.

33.     Admit or deny Plaintiff Van Peebles purchased an Arizona Watermelon Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

34.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Watermelon Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 33.

35.     Admit or deny Plaintiff Van Peebles purchased an Arizona Fruit Punch Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

36.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Fruit Punch Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 35.

37.     Admit or deny Plaintiff Van Peebles purchased an Arizona Mucho Mango Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

38.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Mucho Mango Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 37.

39.     Admit or deny Plaintiff Van Peebles purchased an Arizona Rx Energy Herbal Tonic between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

40.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Rx Energy Herbal Tonic between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 39.

41.     Admit or deny Plaintiff Van Peebles purchased an Arizona Rx Stress Herbal Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

42.     Admit or deny Plaintiff Van Peebles did not purchase an Arizona Rx Stress Herbal Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 41.

43.     Admit or deny Plaintiff Van Peebles purchased an Arizona Zero Green Tea With Ginseng between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

      44.    Admit or deny Plaintiff Van Peebles did not purchase an Arizona Zero Green Tea With Ginseng between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Van Peebles objects to the Request to the extent that it is duplicative of Request No. 43.

      45.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the flavor of that product.

**Response:**

Admitted.

      46.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the taste of that product.

**Response:**

Admitted.

      47.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the value of that product.

**Response:**

Plaintiff objects to this request on the grounds that it is vague as to the definition of "value".

      48.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the price of that product.

**Response:**

Admitted.

      49.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because there were no other similar beverages available at the particular store.

12

**Response:**

Plaintiff objects to this request to the extent that it is vague and ambiguous and overbroad. The request is unclear and deficient as to what definition of "other similar beverages" it demands a response to.

50.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of thirst.

**Response:**

Admitted.

51.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the cost of that product.

**Response:**

Plaintiff refers Defendant to the response to Request No. 48.

52.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the quantity contained in the container.

**Response:**

Admitted.

53.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because he did not want to drink a carbonated beverage.

**Response:**

Denied.

54.    Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the calories contained in the product.

**Response:**

Plaintiff cannot recollect whether the calories contained in the product was a consideration.

55.     Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the nutrients contained in the product.

**Response:**

Plaintiff cannot recollect whether the nutrients contained in the product was a consideration.

56.     Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because the product contained Vitamin C.

**Response:**

Plaintiff cannot recollect whether the Vitamin C contained in the product was a consideration.

57.     Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because the product did not contain sugar.

**Response:**

Plaintiff cannot recollect whether the sugar content was a consideration.

58.     Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because the product did not contain a sweetener.

**Response:**

Plaintiff cannot recollect whether the sweetener contained in the product was a consideration.

59.     Admit or deny that each time Plaintiff Van Peebles purchased an Arizona Beverage he read the statement of ingredients on the label prior to that purchase.

**Response:**

Denied.

60.     Admit or deny Plaintiff Van Peebles purchased an Arizona Beverage in part because of the brand name.

**Response:**

Plaintiff cannot recollect whether the brand name was a consideration.

61.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed an antioxidant was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed an antioxidant was a preservative prior to April 25, 2018.

62.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed an antioxidant was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 61.

63.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed that a product that lowered pH levels was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that a product that lowered pH levels was a preservative prior to April 25, 2018.

64.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed that a product that lowered pH levels was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 63. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 63.

65.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed that an ingredient with antimicrobial effects was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that that an ingredient with antimicrobial effects was a preservative prior to April 25, 2018.

15

66.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed that an

ingredient with antimicrobial effects was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 65.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 65.

67.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed that

Vitamin C can act as a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that Vitamin C was a preservative prior to April
25, 2018.

68.     Admit or deny that prior to April 25, 2018, Plaintiff Van Peebles believed that

Vitamin C did not act as a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 67.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 67.

69.     Admit or deny that Plaintiff Van Peebles purchased and consumed products

containing honey since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead
to the discovery of admissible evidence, and is intended to harass.

70.     Admit or deny that Plaintiff Van Peebles has not purchased and consumed

products containing honey since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 69.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 69.

71.     Admit or deny that Plaintiff Van Peebles purchased and consumed products containing garlic since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass.

72.     Admit or deny that Plaintiff Van Peebles has not purchased or consumed products containing garlic since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 71. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 71.

73.     Admit or deny that Plaintiff Van Peebles purchased and consumed products containing pineapple since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass. Notwithstanding the foregoing objections, admitted.

74.     Admit or deny that Plaintiff Van Peebles did not purchase or consume products containing pineapple since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it duplicative of Request No. 73. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 73.

75.     Admit or deny that Plaintiff Van Peebles purchased and consumed red wine since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass. Notwithstanding the foregoing objections, admitted.

76.     Admit or deny that Plaintiff Van Peebles has not purchased and consumed red wine since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 75. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 75.

77.     Admit or deny that Plaintiff Van Peebles purchased the product referenced in paragraph 19 of the Complaint because of the reference to "lite" on the label.

**Response:**

Plaintiff cannot recollect whether reference to "lite" on the label was a consideration in purchasing the product.

78.     Admit or deny that Plaintiff Van Peebles purchased the product referenced in paragraph 19 of the Complaint because of the reference to "lemonade" on the label.

**Response:**

Plaintiff cannot recollect whether reference to "lemonade" on the label was a consideration in purchasing the product.

79.     Admit or deny that Plaintiff Van Peebles purchased the product referenced in paragraph 19 of the Complaint because of the photograph of Arnold Palmer on the label.

**Response:**

Plaintiff cannot recollect whether the photograph of Arnold Palmer on the label on the label was a consideration in purchasing the product.

80.     Admit or deny that at times Plaintiff Van Peebles purchased the Arizona Beverage without reading the statement of ingredients on the label.

**Response:**

Admitted.

18

81.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Van Peebles knew that citric acid was an ingredient in that product.

**<u>Response:</u>**

Denied.

82.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Van Peebles did not know that citric acid was an ingredient in that product.

**<u>Response:</u>**

Plaintiff objects to the extent that it is duplicative of Request No. 81. Notwithstanding the
foregoing objections, Plaintiff refers Defendants to the response to Request No. 81.

83.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Van Peebles knew that ascorbic acid was an ingredient in that product.

**<u>Response:</u>**

Denied.

84.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Van Peebles did not know that ascorbic acid was an ingredient in that product.

**<u>Response:</u>**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 83.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 83.

85.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Van Peebles knew that high-fructose corn syrup ("HFCS") was an ingredient in that

product.

**<u>Response:</u>**

Denied.

86.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Van Peebles did not know that HFCS was an ingredient in that product.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 85. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 85.

87.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Van Peebles knew that the product was sweetened.

**Response:**

Plaintiff cannot recollect whether he knew the product was sweetened.

88.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Van Peebles did not know that the product was sweetened.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 87. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 87.

89.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Van Peebles knew that the product contained calories.

**Response:**

Plaintiff cannot recollect whether he knew the product contained calories.

90.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Van Peebles did not know that the product contained calories.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 89. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 89.

91.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Van Peebles did not have any concern about the ingredients in the product.

**Response:**

Denied.

      92.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Van Peebles did have a concern about the ingredients in the product.

**Response:**

Plaintiff objects to this request to the extent that it is vague and ambiguous. Plaintiff objects to this request to the extent that it is duplicative of Request No. 91.

      93.     Admit or deny that Plaintiff Van Peebles has been diagnosed with diabetes.

**Response:**

Plaintiff objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      94.     Admit or deny that Plaintiff Van Peebles has never been diagnosed with diabetes.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 93.

      95.     Admit or deny that Plaintiff Van Peebles has been diagnosed with obesity.

**Response:**

Plaintiff objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      96.     Admit or deny that Plaintiff Van Peebles has never been diagnosed with obesity.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 95.

      97.     Admit or deny that Plaintiff Van Peebles suffered personal injury from consuming

any Arizona Beverage.

**Response:**

21

Admitted.

98.     Admit or deny that Plaintiff Van Peebles did not suffer personal injury from consuming any Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 97.

99.     Admit or deny that Plaintiff Van Peebles received medical treatment from a licensed physician due to consuming any Arizona Beverage.

**Response:**

Denied.

100.     Admit or deny that Plaintiff Van Peebles never received medical treatment from a licensed physician due to consuming any Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 99.

101.     Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "A".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

102.     Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "A".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 101. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 101.

103.     Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "B".

22

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

104.   Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "B".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 103. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 103.

105.   Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "C".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

106.   Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "C".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 105. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 105.

107.   Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "D".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

108.   Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "D".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 107. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 107.

109.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "E".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

110.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "E".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 109. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 109.

111.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "F".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

112.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "F".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 111. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 111.

113.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "G".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

114.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "G".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 113. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 113.

115.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "H".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

116.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "H".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 115. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 115.

117.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "I".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

118.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "I".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 117. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 117.

119.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "J".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

120.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "J".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 119. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 119.

121.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "K".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

122.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "K".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 121. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 121.

123.    Admit or deny that Plaintiff Van Peebles formed a belief that citric acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

124.    Admit or deny that Plaintiff Van Peebles had not formed a belief that citric acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 123.

125.    Admit or deny that Plaintiff Van Peebles formed a belief that ascorbic acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

126.   Admit or deny that Plaintiff Van Peebles had not formed a belief that ascorbic acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 125.

127.   Admit or deny that Plaintiff Van Peebles formed a belief that HFCS may be harmful to one's health before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

128.   Admit or deny that Plaintiff Van Peebles had not formed a belief that HFCS may be harmful to one's health before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 127.

129.   Admit or deny that the Putative Class includes every single resident in the United States who purchased, within the six-year period immediately preceding October 3, 2018, any Arizona Beverage in the United States for the same reason(s) Plaintiff Van Peebles made each purchase.

**Response:**

Plaintiff objects to this request to the extent that it calls for a legal conclusion.

130.   Admit or deny that the Putative Class includes every single resident in the State of New York who purchased, within the six-year period immediately preceding October 3, 2018,

any Arizona Beverage in the State of New York for the same reason(s) Plaintiff Van Peebles

made each purchase.

**Response:**

Plaintiff objects to this request to the extent that it calls for a legal conclusion.

131.    Admit or deny that Plaintiff Van Peebles purchased more than 10 items of

Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

132.    Admit or deny that Plaintiff Van Peebles purchased more than 20 items of

Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

133.    Admit or deny that Plaintiff Van Peebles purchased more than 50 items of

Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

134.    Admit or deny that prior to the six-year period immediately preceding October 3,

2018, Plaintiff Van Peebles purchased Arizona Beverages.

**Response:**

Admitted.

135.    Admit or deny that after October 3, 2018, Plaintiff Van Peebles purchased an

Arizona Beverage.

**Response:**

28

Denied.

136.    Admit or deny that the purchase of an Arizona Beverage on April 25, 2018, was the last time Plaintiff Van Peebles purchased an Arizona Beverage.

**Response:**

Admitted.

137.    Admit or deny that, in the event the labeling of Arizona Beverages is changed in the manner sought in the Complaint, Plaintiff Van Peebles will purchase an Arizona Beverage.

**Response:**

Admitted.

138.    Admit or deny that, in the event the labeling of Arizona Beverages is changed in the manner sought in the Complaint, Plaintiff Van Peebles will not purchase an Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 137. Plaintiff refers Defendants to the response to Request No. 137.

139.    Admit or deny that Plaintiff Van Peebles has not suffered any economic loss as a result of purchasing any Arizona Beverage during the six-year period immediately preceding the filing of the Complaint.

**Response:**

Denied.

140.    Admit or deny that Plaintiff Van Peebles has not suffered any non-economic loss as a result of purchasing any Arizona Beverage during the six-year period immediately preceding the filing of the Complaint.

**Response:**

29

Denied.

141.    Admit or deny that Plaintiff Van Peebles purchased an Arizona Beverage for one reason.

**Response:**

Denied.

142.    Admit or deny that Plaintiff Van Peebles purchased an Arizona Beverage for more than one reason.

**Response:**

Admitted.

143.    Admit or deny that Plaintiff Van Peebles is unaware of all the reasons why other members of the putative class purchased Arizona Beverages.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous. Notwithstanding the foregoing objections, denied.

144.    Admit or deny that Plaintiff Van Peebles is aware of all the reasons why other members of the putative class purchase Arizona Beverages.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous. Plaintiff further objects to this request to the extent that it is duplicative of Request No. 143. Plaintiff refers Defendants to the response to Request No. 143.

145.    Admit or deny that Plaintiff Van Peebles was unaware of the existence of HFCS in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Admitted.

30

146.   Admit or deny that Plaintiff Van Peebles was aware of the existence of HFCS in an Arizona Beverage prior to April 25, 2018.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 145. Plaintiff refers Defendants to the response to Request No. 145.

147.   Admit or deny that Plaintiff Van Peebles was unaware of the existence of citric acid in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Admitted.

148.   Admit or deny that Plaintiff Van Peebles was aware of the existence of ascorbic acid in an Arizona Beverage prior to April 25, 2018.

**Response:**

Denied.

149.   Admit or deny that Plaintiff Van Peebles was unaware of the existence of citric acid in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Plaintiff objects to this request as it is duplicative of Request No. 147.

150.   Admit or deny that Plaintiff Van Peebles was aware of the existence of citric acid in any Arizona Beverage prior to April 25, 2018.

**Response:**

Plaintiff objects to the extent that it is duplicative of Request Nos. 147 and 149. Plaintiff refers Defendants to the response to Request No. 149.

151.   Admit or deny that Plaintiff Van Peebles is obligated to pay all reasonable and necessary expenses he incurs in this litigation.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the request is subject to attorney-client privilege. Plaintiff further objects to this request to the extent that it calls for a legal, not a factual, conclusion.

152.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Van Peebles has purchased other items of food and/or beverage which contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

153.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Van Peebles has never purchased other items of food and/or beverage which contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 152.

154.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Van Peebles has purchased other items of food and/or beverage which contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

155.   Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Van Peebles has never purchased other items of food and/or beverage which contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 154.

156.   Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Van Peebles has purchased other items of food and/or beverage which contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

157.   Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Van Peebles has never purchased other items of food and/or beverage which contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 156.

158.   Admit or deny that, after October 3, 2018, Plaintiff Van Peebles has purchased food and/or beverages that contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 152 and 153 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

159.     Admit or deny that, after October 3, 2018, Plaintiff Van Peebles has not purchased food and/or beverages that contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 158.

160.     Admit or deny that, after October 3, 2018, Plaintiff Van Peebles has purchased food and/or beverages that contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 154 and 155 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

161.     Admit or deny that, after October 3, 2018, Plaintiff Van Peebles has not purchased food and/or beverages that contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 160.

162.     Admit or deny that, after October 3, 2018, Plaintiff Van Peebles has purchased food and/or beverages that contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 156 and 157 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

163.     Admit or deny that, after October 3, 2018, Plaintiff Van Peebles has not purchased food and/or beverages that contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 162.

164.    Admit or deny that Plaintiff Van Peebles considers himself more health conscious than his friends.

**Response:**

Plaintiff objects to this request on the grounds that it is vague and ambiguous. Plaintiff further objects to this request on the grounds that it is not relevant to any party's claim or defense as it defines its subject matter as Plaintiff's personal viewpoints and relationships which have no relevance to this case, and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

165.    Admit or deny that, Plaintiff Van Peebles considers himself less health conscious than his friends.

**Response:**

Plaintiff refers Defendants to the response to Request No. 164.

166.    Admit or deny that Plaintiff Van Peebles does not consider himself less or more health conscious than his friends.

**Response:**

Plaintiff refers Defendants to the response to Request No. 164.

167.    Admit or deny that each time he purchased an Arizona Beverage, Plaintiff Van Peebles personally consumed same.

**Response:**

Admitted.

168.    Admit or deny that Plaintiff Van Peebles purchased an Arizona Beverage in part because that product was labeled "No Preservatives".

**Response:**

Admitted.

35

169.   Admit or deny that Plaintiff Van Peebles purchased an Arizona Beverage solely because that product was labeled "No Preservatives".

**Response:**

Denied.

170.   Admit or deny that Plaintiff Van Peebles purchased a Lipton Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

171.   Admit or deny that Plaintiff Van Peebles did not purchase a Lipton Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 170.

172.   Admit or deny that Plaintiff Van Peebles purchased a Twinings Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

173.   Admit or deny that Plaintiff Van Peebles did not purchase a Twinings Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 172.

174.    Admit or deny that Plaintiff Van Peebles purchased a Nestea Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

175.    Admit or deny that Plaintiff Van Peebles did not purchase a Nestea Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 174.

176.    Admit or deny that Plaintiff Van Peebles purchased a Snapple Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

177.    Admit or deny that Plaintiff Van Peebles did not purchase a Snapple Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 176.

178.   Admit or deny that Plaintiff Van Peebles purchased a Gold Peak Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

179.   Admit or deny that Plaintiff Van Peebles did not purchase a Gold Peak Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 178.

180.   Admit or deny that Plaintiff Van Peebles purchased a Pure Leaf Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

181.   Admit or deny that Plaintiff Van Peebles did not purchase a Pure Leaf Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 180.

182.   Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "L".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

183.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "L".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 182.

184.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "M".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

185.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "M".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 184.

186.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "N".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

187.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "N".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 186.

188.   Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "O".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

189.   Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "O".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 188.

190.   Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "P".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

191.   Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "P".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 190.

192.   Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "Q".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

193.   Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "Q".

**Response:**

40

Plaintiff objects to this request to the extent that it is duplicative of Request No. 192.

194.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "R".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

195.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "R".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 194.

196.    Admit or deny that Plaintiff Van Peebles purchased a product bearing a label annexed hereto as Exhibit "S".

**Response:**

Plaintiff does not recall what the labels on products he may have bought looked like.

197.    Admit or deny that Plaintiff Van Peebles never purchased a product bearing a label annexed hereto as Exhibit "S".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 196.


Dated: New York, New York              LEE LITIGATON GROUP, PLLC

      June 12, 2019                    By: /s/ C.K. Lee
                                       C.K. Lee, Esq.
                                       148 W. 24th Street, 8th Floor
                                       New York, NY 10011
                                       cklee@leelitigation.com
                                       Tel.: (212) 465-1188
                                       Fax: (212) 465-1181
                                       *Attorneys for Plaintiffs and the Class*

TO:   MCELROY DEUTSCH MULVANEY & CARPENTER, LLP
      Robert P. Donovan
      570 Broad Street, Suite 1500
      Newark, NJ 07102
      Tel: 973-565-2195
      rdonovan@mdmc-law.com
      *Attorneys for Defendants*

**VERIFICATION**

I,_____Makaylo Van Peebles_____, hereby declare under penalty of perjury that I have read the foregoing responses the request for admissions and believe it to be true to the best of my knowledge and belief.

Date:_____06/12/2019_____          _____

# Exhibit 3

**Plaintiff Vanessa Kailey's Supplemental Responses and Objections to Requests for Admission**

Lee Litigation Group, PLLC
C.K. Lee, Esq.
148 W. 24th Street, 8th Floor
New York, NY 10011
cklee@leelitigation.com
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs and the Class*

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKAS KUBILIUS, VANESSA KAILEY, MAKAYLO VAN PEEBLES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | Civil Action No. 1:18-CV-09075-AT<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INITIAL REQUESTS FOR ADMISSION TO PLAINTIFF, VANESSA KAILEY** |

TO:   McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
       ROBERT P. DONOVAN, ESQ.
       *rdonovan@mdmc-law.com*
       570 Broad Street, Suite 1500
       Newark, New Jersey 07102
       Telephone: (973) 622-7711
       Facsimile: (973) 622-5314
       Attorneys for Defendants, Arizona Beverages USA LLC,
       Hornell Brewing Co., Inc., Beverage Marketing USA, Inc.,
       Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC

Plaintiff, Vanessa Kailey (herein "Plaintiff") by his counsel, Lee Litigation Group, PLLC, hereby sets forth his supplemental responses and, where appropriate, objections to Defendant's Initial Requests for Admission to Plaintiff Vanessa Kailey.

## GENERAL OBJECTIONS

1.      Plaintiff asserts the following General Objections to each of Defendants' Requests. By making these responses ("Responses"), Plaintiff does not concede that the information/documentation is properly discoverable or admissible at trial. Plaintiff reserves the right to object to further discovery into the subject matter of each Request and to object to the admissibility of the information/documentation provided.

2.      These Responses are made based upon knowledge and belief in regard to the matters asserted in the Complaint and the facts as understood at the time of this response.

3.      Plaintiff neither represents nor otherwise concedes that the information disclosed herein are relevant to this matter. Plaintiff reserves her rights to object to or move to preclude any item from being introduced into evidence based upon any legal ground including attorney-client privilege, attorney work product, or other privilege, as well as relevance or otherwise at the time of trial.

4.      By making these Responses, Plaintiff does not waive and hereby reserves any rights she may have to object to questions and/or testimony or other discovery based on valid assertions of attorney-client privilege, attorney work product, or other privilege or relevance.

5.      Plaintiff reserves her ongoing rights to amend and/or supplement these Responses in accordance with the results of Plaintiff's continuing investigation and discovery taken in this action.

2

6.      Plaintiff objects to these Requests to the extent they seek information that is subject to the attorney-client privilege, the attorney work product privilege, or that was prepared in anticipation of litigation, in preparation for trial, and/or any other applicable privilege. Responses will be made without waiving, but on the contrary reserving and intending to reserve, each of those privileges. If any such privileged information is disclosed, except pursuant to a specific written agreement covering such disclosure, the disclosure shall be deemed inadvertent and will not be intended to waive or prejudice any applicable privilege or immunity from disclosure.

7.      Plaintiff objects to these Requests to the extent they seek information that is not in Plaintiff's possession, custody, or control.

8.      Plaintiff objects to these Requests to the extent that they are overbroad, oppressive and unduly burdensome, insofar as they seek information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

9.      Plaintiff objects to these Requests to the extent that they are vague and are not limited in either scope or duration.

10.     All General Objections apply to each specific Request without reiteration therein. A specific objection to a Request that expressly incorporates the substance of a General Objection is not intended to be and shall not be deemed a waiver of the applicability of any General Objection to any other Request.

11.     Where two or more Requests call or arguably call for the same response or production of the same information, materials or category of materials, an objection made to one

3

Request is deemed to be made as to all Requests that seek the same responses or the production of the same materials or category of materials.

12.     In making these Responses and Objections, Plaintiff does not intend to and shall not be deemed to waive any objections as to relevance, materiality, authenticity, or admissibility of evidence in this action or elsewhere. All such objections are specifically reserved.

13.     Plaintiff reserves the right to amend or supplement her responses and objections to these Requests.

14.     These general objections are applicable to each Request and will not be repeated unless necessary for clarification.

## REQUESTS

1.     Admit or deny Plaintiff Kailey purchased an Arizona Iced Tea with Lemon Flavor between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

2.     Admit or deny Plaintiff Kailey did not purchase an Arizona Iced Tea with Lemon Flavor between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 1.

3.     Admit or deny Plaintiff Kailey purchased an Arizona Green Tea with Ginseng and Honey between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

4

4.      Admit or deny Plaintiff Kailey did not purchase an Arizona Green Tea with Ginseng and Honey between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 3.

5.      Admit or deny Plaintiff Kailey purchased an Arizona Arnold Palmer Lite Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Admitted.

6.      Admit or deny Plaintiff Kailey did not purchase an Arizona Arnold Palmer Lite Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 5.

7.      Admit or deny Plaintiff Kailey purchased an Arizona Peach Zero Calorie Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

8.      Admit or deny Plaintiff Kailey did not purchase an Arizona Peach Zero Calorie Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 7.

9.      Admit or deny Plaintiff Kailey purchased an Arizona Diet Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

       10.    Admit or deny Plaintiff Kailey did not purchase an Arizona Diet Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 7.

       11.    Admit or deny Plaintiff Kailey purchased an Arizona Raspberry Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

       12.    Admit or deny Plaintiff Kailey did not purchase an Arizona Raspberry Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 11.

       13.    Admit or deny Plaintiff Kailey purchased an Arizona Cranberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

       14.    Admit or deny Plaintiff Kailey did not purchase an Arizona Cranberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 13.

       15.    Admit or deny Plaintiff Kailey purchased an Arizona Grapeade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

16.     Admit or deny Plaintiff Kailey did not purchase an Arizona Grapeade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 15.

17.     Admit or deny Plaintiff Kailey purchased an Arizona Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

18.     Admit or deny Plaintiff Kailey did not purchase an Arizona Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 17.

19.     Admit or deny Plaintiff Kailey purchased an Arizona Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

20.     Admit or deny Plaintiff Kailey did not purchase an Arizona Peach Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 19.

7

21.     Admit or deny Plaintiff Kailey purchased an Arizona Raspberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

22.     Admit or deny Plaintiff Kailey did not purchase an Arizona Raspberry Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 21.

23.     Admit or deny Plaintiff Kailey purchased an Arizona Energy Drink Extreme Performance Fruit Punch between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

24.     Admit or deny Plaintiff Kailey did not purchase an Arizona Energy Drink Extreme Performance Fruit Punch between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 23.

25.     Admit or deny Plaintiff Kailey purchased an Arizona Energy Drink Extreme Performance between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

26.     Admit or deny Plaintiff Kailey did not purchase an Arizona Energy Drink Extreme Performance between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 25.

27.     Admit or deny Plaintiff Kailey purchased an Arizona Energy Drink Low Carb Performance between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

28.     Admit or deny Plaintiff Kailey did not purchase an Arizona Energy Drink Low Carb Performance between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 27.

29.     Admit or deny Plaintiff Kailey purchased an Arizona Real Brewed Sweet Tea at some point between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

30.     Admit or deny Plaintiff Kailey did not purchase an Arizona Real Brewed Sweet Tea at some point between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 29.

31.     Admit or deny Plaintiff Kailey purchased an Arizona Arnold Palmer Zero Half Iced Tea Half Lemonade at some point between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

32.     Admit or deny Plaintiff Kailey did not purchase an Arizona Arnold Palmer Zero Half Iced Tea Half Lemonade between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 31.

33.     Admit or deny Plaintiff Kailey purchased an Arizona Watermelon Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

34.     Admit or deny Plaintiff Kailey did not purchase an Arizona Watermelon Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 33.

35.     Admit or deny Plaintiff Kailey purchased an Arizona Fruit Punch Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

36.     Admit or deny Plaintiff Kailey did not purchase an Arizona Fruit Punch Fruit Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 35.

37.     Admit or deny Plaintiff Kailey purchased an Arizona Mucho Mango Juice between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

38.     Admit or deny Plaintiff Kailey did not purchase an Arizona Mucho Mango Juice between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 37.

39.     Admit or deny Plaintiff Kailey purchased an Arizona Rx Energy Herbal Tonic between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

40.     Admit or deny Plaintiff Kailey did not purchase an Arizona Rx Energy Herbal Tonic between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 39.

41.     Admit or deny Plaintiff Kailey purchased an Arizona Rx Stress Herbal Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

42.     Admit or deny Plaintiff Kailey did not purchase an Arizona Rx Stress Herbal Iced Tea between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 41.

43.     Admit or deny Plaintiff Kailey purchased an Arizona Zero Green Tea With Ginseng between October 3, 2012 and October 3, 2018.

**Response:**

To the best of Plaintiff's recollection, admitted.

44.     Admit or deny Plaintiff Kailey did not purchase an Arizona Zero Green Tea With Ginseng between October 3, 2012 and October 3, 2018.

**Response:**

Plaintiff Kailey objects to the Request to the extent that it is duplicative of Request No. 43.

45.     Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the flavor of that product.

**Response:**

Admitted.

46.     Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the taste of that product.

**Response:**

Admitted.

47.     Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the value of that product.

**Response:**

Plaintiff objects to this request on the grounds that it is vague as to the definition of "value".

48.     Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the price of that product.

**Response:**

Admitted.

49.     Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because there were no other similar beverages available at the particular store.

12

**Response:**

Plaintiff objects to this request to the extent that it is vague and ambiguous and overbroad. The request is unclear and deficient as to what definition of "other similar beverages" it demands a response to.

50.   Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of thirst.

**Response:**

Admitted.

51.   Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the cost of that product.

**Response:**

Plaintiff refers Defendant to the response to Request No. 48.

52.   Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the quantity contained in the container.

**Response:**

Admitted.

53.   Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because he did not want to drink a carbonated beverage.

**Response:**

Denied.

54.   Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the calories contained in the product.

**Response:**

Plaintiff cannot recollect whether the calories contained in the product was a consideration.

13

55.    Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the nutrients contained in the product.

**Response:**

Plaintiff cannot recollect whether the nutrients contained in the product was a consideration.

56.    Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because the product contained Vitamin C.

**Response:**

Plaintiff cannot recollect whether the Vitamin C contained in the product was a consideration.

57.    Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because the product did not contain sugar.

**Response:**

Plaintiff cannot recollect whether the sugar content was a consideration.

58.    Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because the product did not contain a sweetener.

**Response:**

Plaintiff cannot recollect whether the sweetener contained in the product was a consideration.

59.    Admit or deny that each time Plaintiff Kailey purchased an Arizona Beverage he read the statement of ingredients on the label prior to that purchase.

**Response:**

Denied.

60.    Admit or deny Plaintiff Kailey purchased an Arizona Beverage in part because of the brand name.

**Response:**

14

Plaintiff cannot recollect whether the brand name was a consideration.

61.    Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed an antioxidant was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed an antioxidant was a preservative prior to April 25, 2018.

62.    Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed an antioxidant was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 61.

63.    Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed that a product that lowered pH levels was a preservative.

**Response:**

Plaintiff cannot recollect whether he believed that a product that lowered pH levels was a preservative prior to April 25, 2018.

64.    Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed that a product that lowered pH levels was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 63. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 63.

65.    Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed that an ingredient with antimicrobial effects was a preservative.

**Response:**

Plaintiff cannot recollect whether she believed that that an ingredient with antimicrobial effects was a preservative prior to April 25, 2018.

66.     Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed that an

ingredient with antimicrobial effects was not a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 65.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 65.

67.     Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed that Vitamin

C can act as a preservative.

**Response:**

Plaintiff cannot recollect whether she believed that Vitamin C was a preservative prior to April
25, 2018.

68.     Admit or deny that prior to April 25, 2018, Plaintiff Kailey believed that Vitamin

C did not act as a preservative.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 67.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 67.

69.     Admit or deny that Plaintiff Kailey purchased and consumed products containing

honey since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead
to the discovery of admissible evidence, and is intended to harass.

70.     Admit or deny that Plaintiff Kailey has not purchased and consumed products

containing honey since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 69.
Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 69.

71.    Admit or deny that Plaintiff Kailey purchased and consumed products containing garlic since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass.

72.    Admit or deny that Plaintiff Kailey has not purchased or consumed products containing garlic since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 71. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 71.

73.    Admit or deny that Plaintiff Kailey purchased and consumed products containing pineapple since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass. Notwithstanding the foregoing objections, admitted.

74.    Admit or deny that Plaintiff Kailey did not purchase or consume products containing pineapple since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it duplicative of Request No. 73. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 73.

75.    Admit or deny that Plaintiff Kailey purchased and consumed red wine since October 3, 2012.

**Response:**

Plaintiff objects to the extent that this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass. Notwithstanding the foregoing objections, admitted.

17

76.     Admit or deny that Plaintiff Kailey has not purchased and consumed red wine since October 3, 2012.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 75. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 75.

77.     Admit or deny that Plaintiff Kailey purchased the product referenced in paragraph 19 of the Complaint because of the reference to "lite" on the label.

**Response:**

Plaintiff cannot recollect whether reference to "lite" on the label was a consideration in purchasing the product.

78.     Admit or deny that Plaintiff Kailey purchased the product referenced in paragraph 19 of the Complaint because of the reference to "lemonade" on the label.

**Response:**

Plaintiff cannot recollect whether reference to "lemonade" on the label was a consideration in purchasing the product.

79.     Admit or deny that Plaintiff Kailey purchased the product referenced in paragraph 19 of the Complaint because of the photograph of Arnold Palmer on the label.

**Response:**

Plaintiff cannot recollect whether the photograph of Arnold Palmer on the label on the label was a consideration in purchasing the product.

80.     Admit or deny that at times Plaintiff Kailey purchased the Arizona Beverage without reading the statement of ingredients on the label.

**Response:**

Admitted.

18

81.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Kailey knew that citric acid was an ingredient in that product.

**Response:**

Denied.

82.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Kailey did not know that citric acid was an ingredient in that product.

**Response:**

Plaintiff objects to the extent that it is duplicative of Request No. 81. Notwithstanding the foregoing objections, Plaintiff refers Defendants to the response to Request No. 81.

83.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Kailey knew that ascorbic acid was an ingredient in that product.

**Response:**

Denied.

84.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Kailey did not know that ascorbic acid was an ingredient in that product.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 83. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 83.

85.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Kailey knew that high-fructose corn syrup ("HFCS") was an ingredient in that product.

**Response:**

Denied.

86.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint, Plaintiff Kailey did not know that HFCS was an ingredient in that product.

19

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 85. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 85.

87.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kailey knew that the product was sweetened.

**Response:**

Plaintiff cannot recollect whether she knew the product was sweetened.

88.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kailey did not know that the product was sweetened.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 87. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 87.

89.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kailey knew that the product contained calories.

**Response:**

Plaintiff cannot recollect whether she knew the product contained calories.

90.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kailey did not know that the product contained calories.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 89. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 89.

91.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kailey did not have any concern about the ingredients in the product.

**Response:**

Denied.

92.     Admit or deny that prior to the purchase alleged at paragraph 19 of the Complaint,

Plaintiff Kailey did have a concern about the ingredients in the product.

**Response:**

Plaintiff objects to this request to the extent that it is vague and ambiguous. Plaintiff objects to this request to the extent that it is duplicative of Request No. 91.

93.     Admit or deny that Plaintiff Kailey has been diagnosed with diabetes.

**Response:**

Plaintiff objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

94.     Admit or deny that Plaintiff Kailey has never been diagnosed with diabetes.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 93.

95.     Admit or deny that Plaintiff Kailey has been diagnosed with obesity.

**Response:**

Plaintiff objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

96.     Admit or deny that Plaintiff Kailey has never been diagnosed with obesity.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 95.

97.     Admit or deny that Plaintiff Kailey suffered personal injury from consuming any

Arizona Beverage.

**Response:**

Admitted.

21

98.     Admit or deny that Plaintiff Kailey did not suffer personal injury from consuming any Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 97.

99.     Admit or deny that Plaintiff Kailey received medical treatment from a licensed physician due to consuming any Arizona Beverage.

**Response:**

Denied.

100.    Admit or deny that Plaintiff Kailey never received medical treatment from a licensed physician due to consuming any Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 99.

101.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "A".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

102.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "A".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 101. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 101.

103.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "B".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

104.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "B".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 103. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 103.

105.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "C".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

106.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "C".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 105. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 105.

107.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "D".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

108.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "D".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 107. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 107.

109.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "E".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

110.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "E".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 109. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 109.

111.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "F".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

112.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "F".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 111. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 111.

113.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "G".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

114.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "G".

24

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 113. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 113.

115.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "H".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

116.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "H".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 115. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 115.

117.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "I".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

118.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "I".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 117. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 117.

119.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "J".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

120.   Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "J".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 119. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 119.

121.   Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "K".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

122.   Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "K".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 121. Notwithstanding the foregoing, Plaintiff refers Defendants to the response to Request No. 121.

123.   Admit or deny that Plaintiff Kailey formed a belief that citric acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

124.   Admit or deny that Plaintiff Kailey had not formed a belief that citric acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 123.

125.   Admit or deny that Plaintiff Kailey formed a belief that ascorbic acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

126.    Admit or deny that Plaintiff Kailey had not formed a belief that ascorbic acid was a preservative before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 125.

127.    Admit or deny that Plaintiff Kailey formed a belief that HFCS may be harmful to one's health before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Denied.

128.    Admit or deny that Plaintiff Kailey had not formed a belief that HFCS may be harmful to one's health before the purchase alleged in paragraph 19 of the Complaint.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 127.

129.    Admit or deny that the Putative Class includes every single resident in the United States who purchased, within the six-year period immediately preceding October 3, 2018, any Arizona Beverage in the United States for the same reason(s) Plaintiff Kailey made each purchase.

**Response:**

Plaintiff objects to this request to the extent that it calls for a legal conclusion.

130.    Admit or deny that the Putative Class includes every single resident in the State of New York who purchased, within the six-year period immediately preceding October 3, 2018,

any Arizona Beverage in the State of New York for the same reason(s) Plaintiff Kailey made each purchase.

**Response:**

Plaintiff objects to this request to the extent that it calls for a legal conclusion.

131.    Admit or deny that Plaintiff Kailey purchased more than 10 items of Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

132.    Admit or deny that Plaintiff Kailey purchased more than 20 items of Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

133.    Admit or deny that Plaintiff Kailey purchased more than 50 items of Arizona Beverages during the six-year period immediately preceding October 3, 2018.

**Response:**

Admitted.

134.    Admit or deny that prior to the six-year period immediately preceding October 3, 2018, Plaintiff Kailey purchased Arizona Beverages.

**Response:**

Admitted.

135.    Admit or deny that after October 3, 2018, Plaintiff Kailey purchased an Arizona Beverage.

**Response:**

Denied.

  136. Admit or deny that the purchase of an Arizona Beverage on April 25, 2018, was the last time Plaintiff Kailey purchased an Arizona Beverage.

**Response:**

Admitted.

  137. Admit or deny that, in the event the labeling of Arizona Beverages is changed in the manner sought in the Complaint, Plaintiff Kailey will purchase an Arizona Beverage.

**Response:**

Admitted.

  138. Admit or deny that, in the event the labeling of Arizona Beverages is changed in the manner sought in the Complaint, Plaintiff Kailey will not purchase an Arizona Beverage.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 137. Plaintiff refers Defendants to the response to Request No. 137.

  139. Admit or deny that Plaintiff Kailey has not suffered any economic loss as a result of purchasing any Arizona Beverage during the six-year period immediately preceding the filing of the Complaint.

**Response:**

Denied.

  140. Admit or deny that Plaintiff Kailey has not suffered any non-economic loss as a result of purchasing any Arizona Beverage during the six-year period immediately preceding the filing of the Complaint.

**Response:**

Denied.

141.    Admit or deny that Plaintiff Kailey purchased an Arizona Beverage for one reason.

**Response:**

Denied.

142.    Admit or deny that Plaintiff Kailey purchased an Arizona Beverage for more than one reason.

**Response:**

Admitted.

143.    Admit or deny that Plaintiff Kailey is unaware of all the reasons why other members of the putative class purchased Arizona Beverages.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous. Notwithstanding the foregoing objections, denied.

144.    Admit or deny that Plaintiff Kailey is aware of all the reasons why other members of the putative class purchase Arizona Beverages.

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous. Plaintiff further objects to this request to the extent that it is duplicative of Request No. 143. Plaintiff refers Defendants to the response to Request No. 143.

145.    Admit or deny that Plaintiff Kailey was unaware of the existence of HFCS in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Admitted.

146.    Admit or deny that Plaintiff Kailey was aware of the existence of HFCS in an Arizona Beverage prior to April 25, 2018.

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 145. Plaintiff refers Defendants to the response to Request No. 145.

147.    Admit or deny that Plaintiff Kailey was unaware of the existence of citric acid in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Admitted.

148.    Admit or deny that Plaintiff Kailey was aware of the existence of ascorbic acid in an Arizona Beverage prior to April 25, 2018.

**Response:**

Denied.

149.    Admit or deny that Plaintiff Kailey was unaware of the existence of citric acid in an Arizona Beverage until in or around April 25, 2018.

**Response:**

Plaintiff objects to this request as it is duplicative of Request No. 147.

150.    Admit or deny that Plaintiff Kailey was aware of the existence of citric acid in any Arizona Beverage prior to April 25, 2018.

**Response:**

Plaintiff objects to the extent that it is duplicative of Request Nos. 147 and 149. Plaintiff refers Defendants to the response to Request No. 149.

151.    Admit or deny that Plaintiff Kailey is obligated to pay all reasonable and necessary expenses he incurs in this litigation.

31

**Response:**

Plaintiff objects to the extent that this request is vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the request is subject to attorney-client privilege. Plaintiff further objects to this request to the extent that it calls for a legal, not a factual, conclusion.

152.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kailey has purchased other items of food and/or beverage which contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

153.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kailey has never purchased other items of food and/or beverage which contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 152.

154.    Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kailey has purchased other items of food and/or beverage which contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

155.   Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kailey has never purchased other items of food and/or beverage which contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 154.

156.   Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kailey has purchased other items of food and/or beverage which contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is unlimited in time and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

157.   Admit or deny that, other than the Arizona Beverage referenced in paragraph 19 of the Complaint, Plaintiff Kailey has never purchased other items of food and/or beverage which contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 156.

158.   Admit or deny that, after October 3, 2018, Plaintiff Kailey has purchased food and/or beverages that contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 152 and 153 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

159.    Admit or deny that, after October 3, 2018, Plaintiff Kailey has not purchased food and/or beverages that contain HFCS.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 158.

160.    Admit or deny that, after October 3, 2018, Plaintiff Kailey has purchased food and/or beverages that contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 154 and 155 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

161.    Admit or deny that, after October 3, 2018, Plaintiff Kailey has not purchased food and/or beverages that contain citric acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 160.

162.    Admit or deny that, after October 3, 2018, Plaintiff Kailey has purchased food and/or beverages that contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is excessively broad and unduly burdensome. Plaintiff further objects to this request on the grounds that it is duplicative of Request Nos. 156 and 157 and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

163.    Admit or deny that, after October 3, 2018, Plaintiff Kailey has not purchased food and/or beverages that contain ascorbic acid.

**Response:**

Plaintiff objects to this request on the grounds that it is duplicative of Request No. 162.

164.    Admit or deny that Plaintiff Kailey considers herself more health conscious than his [sic] friends.

**Response:**

Plaintiff objects to this request on the grounds that it is vague and ambiguous. Plaintiff further objects to this request on the grounds that it is not relevant to any party's claim or defense as it defines its subject matter as Plaintiff's personal viewpoints and relationships which have no relevance to this case, and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

165.    Admit or deny that, Plaintiff Kailey considers herself less health conscious than his [sic] friends.

**Response:**

Plaintiff refers Defendants to the response to Request No. 164.

166.    Admit or deny that Plaintiff Kailey does not consider herself less or more health conscious than his [sic] friends.

**Response:**

Plaintiff refers Defendants to the response to Request No. 164.

167.    Admit or deny that each time he [sic] purchased an Arizona Beverage, Plaintiff Kailey personally consumed same.

**Response:**

Admitted.

168.    Admit or deny that Plaintiff Kailey purchased an Arizona Beverage in part because that product was labeled "No Preservatives".

**Response:**

Admitted.

35

169.   Admit or deny that Plaintiff Kailey purchased an Arizona Beverage solely because that product was labeled "No Preservatives".

**Response:**

Denied.

170.   Admit or deny that Plaintiff Kailey purchased a Lipton Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

171.   Admit or deny that Plaintiff Kailey did not purchase a Lipton Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 170.

172.   Admit or deny that Plaintiff Kailey purchased a Twinings Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

173.   Admit or deny that Plaintiff Kailey did not purchase a Twinings Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 172.

174.   Admit or deny that Plaintiff Kailey purchased a Nestea Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

175.   Admit or deny that Plaintiff Kailey did not purchase a Nestea Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 174.

176.   Admit or deny that Plaintiff Kailey purchased a Snapple Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

177.   Admit or deny that Plaintiff Kailey did not purchase a Snapple Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 176.

178.   Admit or deny that Plaintiff Kailey purchased a Gold Peak Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

179.   Admit or deny that Plaintiff Kailey did not purchase a Gold Peak Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 178.

180.   Admit or deny that Plaintiff Kailey purchased a Pure Leaf Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

181.   Admit or deny that Plaintiff Kailey did not purchase a Pure Leaf Iced Tea beverage since October 3, 2012.

**Response:**

Plaintiff objects insofar as the request seeks information that is neither material nor necessary in this action or to the facts at issue and are not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Plaintiff further objects to this request on the grounds that it is duplicative of Request No. 180.

182.   Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "L".

38

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

183.   Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "L".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 182.

184.   Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "M".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

185.   Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "M".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 184.

186.   Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "N".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

187.   Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "N".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 186.

188.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "O".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

189.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "O".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 188.

190.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "P".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

191.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "P".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 190.

192.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "Q".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

193.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "Q".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 192.

194.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "R".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

195.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "R".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 194.

196.    Admit or deny that Plaintiff Kailey purchased a product bearing a label annexed hereto as Exhibit "S".

**Response:**

Plaintiff does not recall what the labels on products she may have bought looked like.

197.    Admit or deny that Plaintiff Kailey never purchased a product bearing a label annexed hereto as Exhibit "S".

**Response:**

Plaintiff objects to this request to the extent that it is duplicative of Request No. 196.

Dated: New York, New York                    LEE LITIGATON GROUP, PLLC

    June 12, 2019                    By: */s/ C.K. Lee*_____
                                       C.K. Lee, Esq.
                                       148 W. 24th Street, 8th Floor
                                       New York, NY 10011
                                       cklee@leelitigation.com
                                       Tel.: (212) 465-1188
                                       Fax: (212) 465-1181
                                       *Attorneys for Plaintiffs and the Class*

TO:   MCELROY DEUTSCH MULVANEY & CARPENTER, LLP
      Robert P. Donovan
      570 Broad Street, Suite 1500
      Newark, NJ 07102
      Tel: 973-565-2195
      rdonovan@mdmc-law.com
      *Attorneys for Defendants*

**VERIFICATION**

I, _Vanessa Kailey_____, hereby declare under penalty of
perjury that I have read the foregoing responses the request for admissions and believe
it to be true to the best of my knowledge and belief.

Date: _6/12/2019___                    _Vanessa Kailey_____

# Exhibit 4

**Label Exhibits A-S**

**To Request for Admissions**

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D



# EXHIBIT E



EXHIBIT F



EXHIBIT G



EXHIBIT H



# EXHIBIT I



EXHIBIT J



# EXHIBIT K



# EXHIBIT L



# EXHIBIT M





CONTAINS 5% JUICE

## Nutrition Facts
Serving Size 8 fl. oz. (240 mL)
Servings Per Container 12

**Amount Per Serving**

**Calories** 50   Calories from Fat 0

**% Daily Value***

| | |
|---|---|
| **Total Fat** 0g | **0%** |
| Saturated Fat 0g | **0%** |
| Trans Fat 0g | |
| **Cholesterol** 0mg | **0%** |
| **Sodium** 10mg | **0%** |
| **Total Carbohydrate** 14g | **5%** |
| Dietary Fiber 0g | **0%** |
| Sugars 13g | |
| **Protein** 0g | **0%** |

Vitamin A 0%  •  Vitamin C 100%

Calcium  0%  •  Iron 0%

*Percent Daily Values are based on a
2,000 calorie diet.

6  13008 74659  9

CA CRV HI ME 5¢ DEP.

# EXHIBIT N





# AriZona

The name "Arnold Palmer" has legendary roots as an original beverage combination of half iced tea and half lemonade. AriZona Beverages, makers of one of America's favorite iced teas, have teamed up with Arnold Palmer to bring you "Arnold Palmer Lite Half and Half."

drinkarizona.com
arnoldpalmer.com

## CONTAINS 5% JUICE

## Nutrition Facts

Serving Size 8 fl. oz. (240mL)
Servings Per Container 16

**Amount Per Serving**

**Calories** 50     Calories from Fat 0

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | 0% |
| Saturated Fat 0g | 0% |
| Trans Fat 0g | |
| **Cholesterol** 0mg | 0% |
| **Sodium** 10mg | 0% |
| **Total Carbohydrate** 14g | 5% |
| Dietary Fiber 0g | 0% |
| Sugars 13g | |
| **Protein** 0g | 0% |
| Vitamin A 0% • Vitamin C 25% | |
| Calcium 0% • Iron 0% | |

*Percent Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: PREMIUM BREWED BLEND OF BLACK TEAS USING FILTERED WATER, HIGH FRUCTOSE CORN SYRUP (GLUCOSE-FRUCTOSE SYRUP), LEMON JUICE FROM CONCENTRATE, PEAR JUICE FROM CONCENTRATE, CITRIC ACID, ASCORBIC ACID (VITAMIN C), NATURAL FLAVORS, SUCRALOSE, ACESULFAME POTASSIUM, GUM ACACIA, ESTER GUM.

MANUFACTURED FOR ARIZONA BEVERAGES USA LLC, WOODBURY, NY 11797 USA LICENSED UNDER THE AUTHORITY OF INNOVATIVE FLAVORS, LLC., ORLANDO FL 32836 © 2017 BEVERAGE MARKETING USA, INC.

*SPECIAL GOLF ACHIEVEMENTS:*

*1960 & 1962*
*PGA Player of the Year*

*1958, 60, 62 & 63*
*PGA Leading*
*Money Winner*

*1961, 62, 64 & 67*
*Vardon Trophy*

*1961, 63, 65, 67, 71 & 73*
*Ryder Cup Team*
*1963 & 75 Captain*

*1986 - 90*
*Chrysler Cup Team*
*and Captain*

*1996*
*Presidents*
*Cup Captain*

*All time low*
*18-Hole Score: 60*
*Most consecutive Birdies: 7*
*Career "Hole-in-one": 20*
*92 Victories (62 US Tour,*
*18 Foreign/*
*International,*
*12-Seniors)*

*Seven time*
*Major Champion*
*Arnold Palmer bids*
*farewell from the*
*Swilcan Bridge at the 1995 British Open.*

For more information about
AriZona call 1 800 832 3775

**SHAKE WELL**
**REFRIGERATE AFTER OPENING**

6  13008 72085  8

# EXHIBIT O



# EXHIBIT P



# EXHIBIT Q

drinkarizona.com
arnoldpalmer.com
AriZona
Arnold Palmer
LITE
HALF&HALF
ICED TEA LEMONADE
12 FL.OZ. - 355 mL
INGREDIENTS: PREMIUM BREWED BLEND OF BLACK TEAS USING FILTERED WATER, HIGH FRUCTOSE CORN SYRUP (GLUCOSE-FRUCTOSE SYRUP), LEMON JUICE FROM CONCENTRATE, PEAR JUICE FROM CONCENTRATE, CITRIC ACID, ASCORBIC ACID (VITAMIN C), NATURAL FLAVORS, SUCRALOSE, ACESULFAME POTASSIUM, GUM ACACIA.
MFD. FOR ARIZONA BEVERAGES USA LLC WOODBURY, NY 11797 USA
© 2018 BEVERAGE MARKETING USA, INC.
LICENSED UNDER THE AUTHORITY OF INNOVATIVE FLAVORS, L.L.C. ORLANDO FL 32835
NO PRESERVATIVES ARTIFICIAL COLOR ARTIFICIAL FLAVOR
VITAMIN C ANTIOX FORTIFIED
AN AMERICAN COMPANY ★ FAMILY OWNED & OPERATED ★
CA CRV HI-ME 5¢ - OR 10¢ DEP.
55986
6 13008 73853 2
SHAKE WELL
REFRIGERATE AFTER OPENING
CONTAINS 5% JUICE
Nutrition Facts
Serving Size 8 fl. oz. (240mL)
Servings Per Container 1.5
Amount Per Serving
Calories 50 Calories from Fat 0
% Daily Value*
Total Fat 0g 0%
Saturated Fat 0g 0%
Trans Fat 0g
Cholesterol 0mg 0%
Sodium 10mg 0%
Total Carbohydrate 14g 5%
Dietary Fiber 0g 0%
Sugars 13g
Protein 0g 0%
Vitamin A 0% • Vitamin C 100%
Calcium 0% • Iron 0%
*Percent Daily Values are based on a 2,000 calorie diet.
drinkarizona.com
arnoldpalmer.com

# EXHIBIT R



# EXHIBIT S

