**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
LUKAS KUBILIS, VANESSA KAILEY, and
MAKAYLO VAN PEEBLES, *on behalf of*
*themselves and others similarly situated*,

        Case No. 1:18-CV-09075-AT-OTW

        Plaintiffs

        v.

ARIZONA BEVERAGES USA LLC,
HORNELL BREWING CO., INC.,
BEVERAGE MARKETING USA, INC.,
ARIZONA BEVERAGES HOLDINGS LLC,
and ARIZONA BEVERAGES HOLDINGS 2
LLC,

        Defendants.
-------------------------------------------------------- x
-------------------------------------------------------- x
AHMED ASHOUR, *individually and on behalf*
*of all others similarly situated*,

        Case No. 1:19-CV-07081-AT-OTW

        Plaintiffs

        v.

ARIZONA BEVERAGES USA LLC,
HORNELL BREWING CO., INC.,
BEVERAGE MARKETING USA, INC.,
ARIZONA BEVERAGES HOLDINGS LLC,
and ARIZONA BEVERAGES HOLDINGS 2
LLC,

        Defendants.
-------------------------------------------------------- x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO CONSOLIDATE CASES AND IN SUPPORT OF PLAINTIFFS' CROSS-**
**MOTION TO DISMISS OR STAY *ASHOUR v. ARIZONA BEVERAGES USA, LLC et al.***

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………..ii

INTRODUCTION …………………………………………………………………………1

ARGUMENT ………………………………………………………………………………3

    I.    *ASHOUR* SHOULD BE DISMISSED OR STAYED RATHER THAN
CONSOLIDATED WITH *KUBILIUS* ……………………………………………3

        A.  *Kubilius* Plaintiffs May Intervene in *Ashour* as of Right
Under Rule 24(a)(2) …………………………………………………..4

        B.  In the Alternative, *Kubilius* Plaintiffs Should Be Permitted to
Intervene Under Rule 24(b) ………………………………………………7

        C.  *Ashour* Action Should Be Dismissed or Stayed
under the First-Filed Rule ………………………………………………9

    II.   IF THE ACTIONS ARE CONSOLIDATED, C.K. LEE AND LEE LITIGATION
GROUP SHOULD BE APPOINTED INTERIM LEAD CLASS COUNSEL……12

CONCLUSION ……………………………………………………………………15

i

# TABLE OF AUTHORITIES

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
   860 F. Supp. 128 (S.D.N.Y. 1994) ..................................................................... 10, 11

*Adam et al. v. Jacobs*,
   950 F.2d 89 (2d Cir. 1991) ........................................................................................ 12

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., NA.*,
   626 F.3d 699 (2d Cir. 2010) ....................................................................................... 9

*Alltrade, Inc. v. Uniweld Products, Inc.*,
   946 F.2d 622 (9th Cir. 1991) .................................................................................... 10

*BBC Intern. Ltd. v. Lumino Designs, Inc.*,
   441 F.Supp. 2d 438 (E.D.N.Y. 2006) ...................................................................... 11

*Buonasera v. Honest Co.*,
   318 F.R.D. 17 (S.D.N.Y. 2016) ................................................................................. 6

*Castillo v. Taco Bell of Am., LLC*,
   960 F. Supp. 2d 401 (E.D.N.Y. 2013) ..................................................................... 11

*Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk Retention Group
LLC*,
   14-cv-5227, 2015 WL 5675786 (E.D.N.Y. Sept. 24, 2015) ................................. 4, 7

*Cooper v. Fed. Reserve Bank of Richmond*,
   467 U.S. 867 (1984) ................................................................................................... 5

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
   149 F.R.D. 55 (S.D.N.Y. 1993) ................................................................................ 5

*First City Nat'l Bank & Trust Co. v. Simmons*,
   878 F.2d 76 (2d Cir. 1989) ........................................................................................ 9

*Friedman v. Guthy-Renker LLC*,
   2016 U.S. Dist. LEXIS 63118 (C.D. Cal. May 12, 2016) ....................................... 13

*H.L. Hayden Co. Inc. v. Siemens Med. Sys. Inc.*,
   797 F.2d 85 (2d. Cir. 1986) ....................................................................................... 8

*Hilton v. Apple, Inc.*,
   13-cv-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ...................................... 10

*Hu v. Herr Foods, Inc.*,
   251 F. Supp. 3d 813 (E.D. Pa. 2017) ........................................................................ 7

*In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184 (S.D.N.Y. 2008) ........................... 13

*In re Repetitive Stress Injury Litig.*,
   11 F.3d 368 (2d Cir. 1993) ................................................................................... 2

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) .............................................................. 11

*J. Lyons & Co. Ltd. v. Republic of Tea, Inc.*,
   892 F. Supp. 486 (S.D.N.Y. 1995) ...................................................................... 12

*Johnson v. Celotex Corp*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................. 2

*Koehler v. Pepperidge Farm, Inc.*,
   13-cv- 2644, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) .................................... 9

*Lopez v. Bell Sports, Inc.*,
   14-cv-2530, 2014 WL 6473533 (E.D.N.Y. Nov. 18, 2014) .................................... 3

*McCausland v. Shareholders Mgmt. Co.*,
   52 F.R.D. 521 (S.D.N.Y. 1971) ............................................................................. 8

*Medlock v. HMS Host USA, Inc.*,
   No. 10-cv-2167, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) ........................... 10

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
   08-cv-8781, 08-cv-5093, 2010 WL 5222127 (S.D.N.Y. Dec. 22, 2010) .................. 5

*NY TDA, Inc. v. City of New York*,
   11-cv-1836, 2014 WL 4274219 (E.D.N.Y. Aug. 28, 2014) ..................................... 8

*Oleg Cassini, Inc. v. Serta, Inc.*,
   11-cv-8751, 2012 U.S. Dist. LEXIS 33875, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) 11, 12

*Ruane v. County of Suffolk*,
   923 F. Supp. 2d 454 (E.D.N.Y. 2013) .................................................................... 1

*SEC v. Callahan*,
   2 F. Supp. 3d 427 (E.D.N.Y. 2014) ....................................................................... 4

*Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*,
   12 F. Supp. 3d 320 (E.D.N.Y. 2014) ......................................................... 9, 10, 11

*Simon v. Philip Morris*,
   124 F. Supp. 2d 46 (E.D.N.Y. 2000) ...................................................................... 2

*Thomas v. Apple-Metro, Inc.*,
   14-CV-4120, 2015 U.S. Dist. LEXIS 14574, 2015 WL 505384 (S.D.N.Y. Feb. 5, 2015) ......... 9

*Trbovich v. United Mine Workers of Am.*,
   404 U.S. 528 (1972) ............................................................................................... 7

*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994) ....................................................................................... 4

iii

*Wagner v. Akin Gump Strauss Hauer & Feld LLP*,
  16-cv-3532, 2017 WL 176328 (S.D.N.Y. Jan. 17, 2017) ..................................................... 9, 12

**Other Authorities**

Manual for Complex Litigation (4th) § 10.221 ........................................................................ 13

*Moore's Federal Practice* § 23.120[3][a] (3d ed. 2007) ......................................................... 13

**Rules**

Fed. R. Civ. P. 23(g) ............................................................................................................... 12

Fed. R. Civ. P. 23(g)(3) ........................................................................................................... 13

Fed. R. Civ. P. 24(a)(2) ..................................................................................................... 3, 4, 7

Fed. R. Civ. P. 24(b) ............................................................................................................ 3, 7

# INTRODUCTION

Defendants' November 8, 2019 motion to consolidate *Kubilius et al v. Arizona Beverages USA LLC et al*. ("*Kubilius*" or "*Kubilius* Action") and *Ashour v. Arizona Beverages USA LLC et al*. ("*Ashour*" or "*Ashour* Action") (collectively, the "Actions") highlights a number of similarities between the Actions. Defendants observe that both actions allege that Defendants misrepresented its beverages as containing no preservatives and both bring claims on behalf of a California class and a nationwide class. Defendants also note that both actions "allege similar damage theories including premium pricing," Def. Mot. at 3, and involve overlapping parties, namely Defendants themselves. *See* Def. Mot. at 8. On this basis, Defendants argue that the two Actions should be consolidated.

However, Defendants' argument fails to address a number of important differences between both the dispositions and the substance of these two actions. Defendants concede that "consolidation may be deemed inappropriate when the actions proposed to be joined are at different stages of litigation," Def. Mot. at 9 (citing *Ruane v. County of Suffolk*, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013)), but argues that the procedural status of the two actions is similar given that: (1) motions to dismiss in both cases are pending, (2) discover is ongoing in *Kubilius*, and (3) motions for class certification have not been filed in either. Def. Mot. at 10. Notwithstanding these facts, Defendant is mistaken to assert that "[n]o appreciable delay or additional cost will arise in the event consolidation occurs because neither matter is ready to be tried." Def. Mot. a 1.

First, Defendant's motion to dismiss in *Kubilius* was fully briefed as of April 12, 2019 (*Kubilius*, ECF No. 53). By contrast, the motion to dismiss in *Ashour* was only fully briefed as of a little over a week ago, on November 18, 2019 (*Ashour*, ECF No. 61). The portends significant delays in *Ashour* that may compromise the course of the *Kubilius* litigation should the Actions be

consolidated.  Second, while it is true that motions for class certification have not been filed in either case, the *Kubilius* Plaintiffs have already engaged in substantial discovery.  The *Ashour* action is far behind on this front, as  discovery there has been undertaken at all.

There are also important substantive differences between the cases.   The more comprehensive *Kubilius* action, unlike the *Ashour* action, alleges that ascorbic acid, and not just citric acid, is a preservative, and that Defendants' beverages are therefore deceptive by virtue of its presence as well.  The *Kubilius* action brings claims on behalf of a New York class, which the *Ashour* action does not.  While both actions seek the certification of a nationwide class, Plaintiff Ashour is much less likely to obtain it given that he, as a California resident, has no standing to bring claims under New York law. By contrast, Plaintiff Kailey does have such standing, and can therefore argue that New York has a substantial interest in applying its law to the claims of a nationwide class (Defendants' principal place of business being in New York). *See Simon v. Philip Morris*, 124 F. Supp. 2d 46, 54 (E.D.N.Y. 2000) (New York's approach to conflicts-of-law is that "justice, fairness, and the best practical result, may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties has the greatest concern with the specific issue raised in the litigation.").  While Plaintiff Ashour might conceivably seek to certify a nationwide class under the laws of each class members respective state, any such attempt will encounter all the usual commonality and predominance problems that Plaintiff Kailey can simply bypass by invoking New York law.

The Court has broad discretion to determine whether consolidation is appropriate. While "considerations of judicial economy favor consolidation," *Johnson v. Celotex Corp,* 899 F.2d 1281, 1285 (2d Cir. 1990), the Court "must examine the special underlying facts with close attention before ordering consolidation." *In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 373 (2d Cir. 1993)

(internal quotes and citation omitted). In this case, the close attention reveals that while the similarities between the cases may seem to warrant consolidation, these similarities *in combination with the equally significant differences* warrant dismissing or staying *Ashour*.  Plaintiff Ashour's second-filed, copycat class action flies in the face of judicial efficiency and potentially will result in wasted time, energy and resources. To avoid this outcome, this Court should permit the *Kubilius* Plaintiffs to intervene in the *Ashour* action under Rule 24 and then applying the first-to-file rule to either dismiss or stay *Ashour*. The reasons are explained below. Should the Court determine that consolidation is preferable, however, it should appoint C.K. Lee and the Lee Litigation Group, as lead interim class counsel for the consolidated cases, largely for the same reasons that Plaintiffs argue *Ashour* should ideally be dismissed or stayed.

## ARGUMENT

### I.   *ASHOUR* SHOULD BE DISMISSED OR STAYED RATHER THAN CONSOLIDATED WITH *KUBILIUS*

The *Kubilius* Plaintiffs' motion to stay or dismiss *Ashour* involves a two-step approach. First, the Court must determine whether intervention is appropriate. If intervention is granted, it must then decide whether to dismiss or stay *Ashour* pursuant to the first-to-file rule. Motions to intervene are governed by Federal Rule of Civil Procedure 24, which provides for two types of intervention: intervention as of right (Fed. R. Civ. P. 24(a)(2)) and permissive intervention (Fed. R. Civ. P. 24(b)). See *Lopez v. Bell Sports, Inc.*, 14-cv-2530, 2014 WL 6473533, at *1 (E.D.N.Y. Nov. 18, 2014). As explained below, intervention under both provisions is appropriate here.

### A.   *Kubilius* **Plaintiffs May Intervene in** *Ashour* **as of Right Under Rule 24(a)(2)**

To intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must "(1) timely file an application, (2) demonstrate an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) demonstrate that the interest is not protected adequately by the parties to the action." *Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk Retention Group* LLC, 14-cv-5227, 2015 WL 5675786, at *6 (E.D.N.Y. Sept. 24, 2015).  Plaintiffs satisfy all four of these prongs.

#### *Factor (1): Timeliness*

The *Kubilius* Plaintiffs' intervention is timely for the purposes of both Rule 24(a)(2) and 24(b). In determining timeliness, the factors to consider are "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *SEC v. Callahan*, 2 F. Supp. 3d 427, 438 (E.D.N.Y. 2014) (quoting *United States v. Pitney Bowes, Inc*., 25 F.3d 66, 70 (2d Cir. 1994)). Each of these factors argue for the timeliness of this motion. The *Kubilius* Plaintiffs have been on notice for only a relatively short time prior to making the instant motion.  *Ashour* was transferred to this Court on June 30, 2019, and Plaintiffs submitted their pre-motion letter to apply the first-to-file rule to it on October 3, 2019.  There is no prejudice to Plaintiff Ashour as a result of the intervention given that Defendants' motion for consolidation is in any case being briefed, and Plaintiffs' argument for an alternative approach does not delay the process.  There is prejudice to the *Kubilius* Plaintiffs if this motion to intervene is denied, however, given that the *Ashour* action endangers their interests, as detailed below.

4

**Factor (2): Plaintiffs Van Peebles and Kailey Have an Interest in the Ashour Action**

The *Kubilius* Plaintiffs have a direct and significant interest in the *Ashour* litigation that would be impaired by allowing the latter to proceed.  Both actions are class actions, and both seek to represent the same classes of persons. Plaintiff Van Peebles is a member of Plaintiff Ashour's proposed California class, and both Plaintiff Van Peebles and Plaintiff Kailey are members of Ashour's proposed nationwide class.  Accordingly, they have a strong interest in making sure that the overall litigation is efficiently conducted, and that their rights, and the rights of those they seek to represent, are fully protected. It is for this reason that intervention in class actions is commonly granted to absent class members since, upon certification, "members of a class are normally bound by the judgment in the class action." *Diduck v. Kaszycki & Sons Contractors, Inc*., 149 F.R.D. 55, 58 (S.D.N.Y. 1993); *see also New Jersey Carpenters Health Fund v. Residential Capital, LLC*, 08-cv-8781, 08-cv-5093, 2010 WL 5222127, at *4 (S.D.N.Y. Dec. 22, 2010) ("[a]ny disposition on the merits would inevitably affect [absent class members'] claims since they arise from the same course of conduct and assert the same legal theories as the current plaintiffs[]"); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation.")

**Factors (3)-(4): Plaintiffs Van Peebles and Kailey Interest Will Be Impaired by the Ashour Action**

*Ashour* will impair, and be incapable of, protecting Plaintiffs' interests for several reason. First, the *Ashour* action ignores important theories of liability. While both actions allege that Defendants' "No Preservative" representations are deceptive owing to the presence of citric acid in Arizona beverages, the *Kubilius* action is on a stronger footing inasmuch as it alleges that the

ascorbic acid in the Arizona beverages is also a preservative. Thus, even if a jury found that citric acid is not a preservative, class members might still obtain relief were it to find that ascorbic acid is a preservative.  This is not possible with the *Ashour* Action, which only takes issue with Defendants' citric acid. The certification of the *Ashour* Action would subsume Plaintiff Van Peebles into Plaintiff Ashour's California class, in the process weakening the strength of his allegations. In fact, the two Arizona beverages allegedly purchased by Plaintiff Ashour—AriZona Rx Energy Herbal Tonic and AriZona Green Tea with Ginseng and Honey—are among those that contain both citric and ascorbic acid. So, he himself would be better served by the *Kubilius* action. *See Ashour*, ECF No. 42, ¶ 41; *Kubilius* ECF No. 31, ¶ 8.

Plaintiffs Van Peebles's and Kailey's interests will also be undermined because *Ashour* has completed far less investigatory work than *Kubilius*. While the claims forwarded in the two actions are kindred,  the allegations in *Kubilius* enjoy substantially greater factual support. Unlike Plaintiff Ashour, the *Kubilius* Plaintiffs have retained an expert food chemist attesting to the preservative function of Arizona's citric acid and have uncovered internal Arizona documents attesting to the same.  *See* Amended Complaint, Exhibits C, E (ECF No. 36-3, 36-5).

The allegations in *Ashour* are based on the *general propensity of citric acid to function as a preservative*.  By contrast, the Lee Litigation Group investigated the *actual function of citric acid in the specific Arizona products at issue in this case* by (a) retaining an expert food chemist to analyze it and (b) uncovering Arizona documents divulging that citric acid is included in Arizona products as an acidulant (and the function of ascorbic acid as an antioxidant). *See Buonasera v. Honest Co.*, 318 F.R.D. 17, 18-19 (S.D.N.Y. 2016) ("The Proposed Interim Counsel have also analyzed the ingredients at issue, researched relevant case law, and reviewed publicly available information regarding Honest's products…[I]t is evident from the work that Proposed Interim

Counsel have undertaken to investigate the claims at issue here that they are willing to expend substantial resources in representing the class."). "No Preservative" actions that were based solely on the general preservative propensities of citric acid have often been dismissed by the courts.  *See Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 821-22 (E.D. Pa. 2017) ("as Defendant points out, none of Plaintiff's allegations about the potential uses for citric acid in <u>other</u>, unrelated products suggest that citric acid would function to preserve the Products at issue in this action.").

For all these reasons, intervention under Rule 24(a)(2) is appropriate.  Plaintiff Van Peebles's and Kailey's interest in the disposition of Ashour is incontestable, and the final requirement under Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that should be treated as minimal." *See Certified Multi-Media Solutions, Ltd*., 2015 WL 5675786, at *12 (citing *Trbovich v. United Mine Workers of Am*., 404 U.S. 528, 538 n.10 (1972)). That "minimal" burden is easily satisfied here.

### B.     In the Alternative, *Kubilius* Plaintiffs Should Be Permitted to Intervene Under Rule 24(b)

Even if the Court were to conclude intervention as of right to be inappropriate, it still has discretion to allow Plaintiffs to intervene under Rule 24(b).  Rule 24(b) permits intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In employing its discretion, a court "should consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *NY TDA, Inc. v. City of New York*, 11-cv-1836, 2014 WL 4274219, at *2 (E.D.N.Y.

Aug. 28, 2014) (citing *H.L. Hayden Co. Inc. v. Siemens Med. Sys. Inc.*, 797 F.2d 85, 89 (2d. Cir. 1986)).

Here, there is no question that the *Kubilius* Plaintiffs meet the "common question of law or fact" requirement. The *Ashour* Action involves very similar underlying factual allegations and violations, and very same Defendants as in the *Kubilius* Action.  As a result, if a class were certified in the *Ashour* Action, the *Kubilius* Plaintiffs would be members of that class. *See McCausland v. Shareholders Mgmt. Co.*, 52 F.R.D. 521, 523 (S.D.N.Y. 1971) ("The most obvious case for permissive intervention, of course, is the situation where the intervenor has a claim against the defendant similar to or identical with that asserted by the plaintiff.") (internal quotes or citations omitted).

Intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties" because Plaintiff Ashour would qualify as a class member in the *Kubilius* action, which is substantially further along than his recently filed and transferred copycat suit. Thus, the delay to him would come from *not* staying this case. Nor would Plaintiff Ashour be prejudiced by becoming a *Kubilius* class member—should *Kubilius* be certified while *Ashour* is stayed—given the distinctive strengths of the *Kubilius* Amended Complaint discussed above. Finally, that the *Kubilius* Plaintiffs "will significantly contribute to full development of the underlying factual issues in the suit" can scarcely be doubted, given the contributions they have already made, as detailed above.   Indeed, the *Ashour* Amended Complaint (ECF No. 42) appears to draw substantially on the *Kubilius* Amended Complaint (ECF No. 36).  Like *Kubilius*, *Ashour* invokes statements by FBC industries (*Kubilius*, ¶ 38; Ashour ¶ 28). Like *Kubilius*, *Ashour* cites the FDA warning letter to Chiquita (*Kubilius*, ¶ 39, *Ashour* ¶ 27). Also like *Kubilius*, *Ashour* draws on the FDA's Overview of Food Ingredients (*Kubilius* ¶ 35; *Ashour* ¶ 26).

### C.  *Ashour* **Action Should Be Dismissed or Stayed Under the First-Filed Rule**

Plaintiffs' request to dismiss or stay *Ashour* on the basis of the first-to-file rule is just as meritorious as their bid to intervene in it. "The first-filed rule is a well-established Second Circuit doctrine, based on the principle that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Thomas v. Apple-Metro, Inc.*, 14-CV-4120, 2015 U.S. Dist. LEXIS 14574, 2015 WL 505384, at *2 (S.D.N.Y. Feb. 5, 2015) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (alterations, citations, and internal quotation marks omitted)).  This presumption of "[d]eference to the first filing embodies considerations of judicial administration and conservation of resources and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., NA.*, 626 F.3d 699, 722 (2d Cir. 2010) (citations and internal quotation marks omitted). This "first-to-file" rule is "based on the principle that 'where there are two competing lawsuits, the first should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Wagner v. Akin Gump Strauss Hauer & Feld LLP*, 16-cv-3532, 2017 WL 176328, at *1 (S.D.N.Y. Jan. 17, 2017) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F 2d. 76, 79 (2d Cir. 1989)).

Motions based on the first-to-file rule are generally decided on three factors: (1) chronology of the actions, (2) similarity of the parties and (3) similarity of the issues. *See Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 325 (E.D.N.Y. 2014) (staying action under first-to-file doctrine); *Koehler v. Pepperidge Farm, Inc.*, 13-cv- 2644, 2013 WL 4806895, at *2 (N.D. Cal. Sept. 9, 2013); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th

Cir. 1991) (first-to-file rule may be invoked "when a complaint involving the same parties and issues has already been filed in another district.").

The operative facts provide no reason to disregard the first-to-file rule. All three of these factors argue for stay or dismissal. As to the first factor, chronology, *Kubilius* is indisputably the first-filed action. Whereas the *Kubilius* action was filed in this Court on October 3, 2018, the copycat *Ashour* action was filed in the Central District of California over seven months later, on May 14, 2019, before being transferred to this Court on July 30, 2019. This is not some trifling difference of a week or two.

The second factor, the similarity of the parties supports application of the first-to-file rule. In a class action, similarity of parties has been found where the actions share at least one common defendant and the putative class of the second action is similar to or at least partially subsumed within the putative class of the first-filed action. *See Silver Line Bldg. Prods. LLC*, 12 F. Supp. 3d at 326 ("[a] rigid requirement that there be identical parties in the actions at issue would be at odds with the [first-to-file] rule's flexible nature…"); *Hilton v. Apple, Inc.*, 13-cv-2167, 2013 WL 5487317, at *7-8 (N.D. Cal. Oct. 1, 2013); *Medlock v. HMS Host USA, Inc.*, No. 10-cv-2167, 2010 WL 5232990, at *4 (E.D. Cal. Dec. 16, 2010). As detailed above, Plaintiff Ashour and the classes he seeks to represent are completely subsumed in the *Kubilius* action, since Plaintiff Ashour would be a member of the California class represented by Plaintiff Van Peebles. *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 136 (S.D.N.Y. 1994) ("The pending action in Florida will provide the plaintiff in the instant action every opportunity to protect and vindicate the rights it sought adjudicated in the instant action."). The same does not hold true the other way around, however, since Plaintiff Ashour does not and cannot seek to represent the New York class represented by Plaintiff Kailey. The Arizona Defendants are identical in both cases.

The third factor, the similarity of the issues, likewise weighs in favor of applying the first-filed rule to dismiss or stay *Ashour*. For the first-filed rule to apply, "[t]he lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013); *see also Oleg Cassini, Inc. v. Serta, Inc.*, 11-cv-8751, 2012 U.S. Dist. LEXIS 33875, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012).  The fact that a later suit contains varied allegations, additional legal claims or different legal claims does not preclude the court from dismissing, staying or transferring the action if the suit involves the same or substantially similar controversy or dispute. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006). Here, the controversy is more than substantially similar.  Both actions allege that Defendants' "No Preservative" representations are deceptive.  *Ashour* alleges that this by virtue of the presence of citric acid.  *Kubilius* alleges that this is by virtue of the presence of citric acid and ascorbic acid. Thus, the substance of Plaintff Ashour's claims are completely subsumed by those in *Kubilius*, though the converse does not hold true.

Dismissing the *Ashour* Action under the first-to-file rule would promote judicial economy, prevent wastefulness, and forego the risks inherent in two ongoing parallel actions. There are no compelling circumstances to justify allowing the *Ashour* Action to proceed unchecked. The first filed rule was developed to "serve[] the purposes of promoting efficiency [] and should not be disregarded lightly." *800-Flowers, Inc.*, 860 F. Supp. at 132 (internal quotes and citations omitted).

There are certain limited exceptions to the first-to-file rule in cases of forum shopping, anticipatory litigation, or where the convenience of the parties requires it. *See Silver Line Bldg. Prods. LLC*, 12 F. Supp. 3d at 327 (identifying convenience factors for witness and parties); *BBC Intern. Ltd. v. Lumino Designs, Inc*., 441 F.Supp. 2d 438, 444-45 (E.D.N.Y. 2006) (identifying

forum shopping); *J. Lyons & Co. Ltd. v. Republic of Tea, Inc*., 892 F. Supp. 486, 491 (S.D.N.Y. 1995) (recognizing anticipatory litigation exception). However, none of these considerations are at play here.

It might be objected that the transfer of the case is also an option under the first-filed rule and that *Ashour* has already been transferred from its original venue to the venue of the first-filed action. However, the first-filed rule contains a presumption in favor of dismissal, not transfer. *See Wagner*, 2017 U.S. Dist. LEXIS 6119, at *5 ("Finally, the Report properly concluded that neither a stay nor a transfer is appropriate here given that the two actions are substantially identical. Thus, the proper relief is to dismiss this action…"); *Oleg Cassini, Inc.*, 2012 U.S. Dist. LEXIS 33875, at *8 ("Because parties 'should be free from the vexation of concurrent litigation over the same subject matter,' there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit.") (quoting *Adam et al. v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)). The fact that both cases are presently pending before the same court does not eliminate the superiority of the *Kubilius* Action over *Ashour*, as documented above. While consolidating the two Actions might produce certain efficiencies, dismissing or staying *Ashour* will produce even greater efficiencies.

## II.   IF THE ACTIONS ARE CONSOLIDATED, C.K. LEE AND LEE LITIGATION GROUP SHOULD BE APPOINTED INTERIM LEAD CLASS COUNSEL

Should the Court decline Plaintiffs' motion to stay the *Ashour* action and instead consolidate the two Actions pursuant to Defendants' request, Plaintiffs alternatively ask the Court to appoint C.K. Lee and Lee Litigation Group as interim lead counsel for the class under Fed. R. Civ. P. 23(g), for many of the same reasons they believe dismissing or staying *Ashour* would be ideal. Where, as here, "there is rivalry or uncertainty regarding which attorney or law firm is authorized to act on behalf of the putative class—such as when overlapping, duplicative or

competing class suits are pending before a court, appointment of interim class counsel is often appropriate." *Friedman v. Guthy-Renker LLC*, 2016 U.S. Dist. LEXIS 63118, at *5-6 (C.D. Cal. May 12, 2016).

A court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointing lead counsel will ensure "efficiency and economy without jeopardizing fairness to the parties in the litigation." Manual for Complex Litigation (4th) § 10.221. "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Those factors are (1) the work counsel have done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *Id.* (citing Fed. R. Civ. P. 23(g)(1)(A)). All four factors weigh in favor of appointing C.K Lee and Lee Litigation Group as interim lead counsel.

### Factor (1) – Work Done in Identifying and Investigating Claims

The work done in identifying and investigating class is pertinent because:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake these tasks.

*Moore's Federal Practice* § 23.120[3][a] (3d ed. 2007).

As detailed above, *Kubilius* Counsel's work in identifying and investigating the claims at issue in both cases is much more substantial than that of *Ashour* Counsel, with the former having retained an expert food chemist attesting to the preservative function of Arizona's citric acid and

also uncovering internal Arizona documents attesting to the same.  *See* Amended Complaint, Exhibits C, E (ECF No. 36-3, 36-5).

***Factor (2) – Counsel's Experience with Class Actions***

Since April 2009, C.K. Lee has been engaged in prosecuting class action cases. Lee Litigation Group has an extensive history and familiarity with class action settlements, including many significant settlements against prominent defendants in complex litigations. Since inception in 2012, Lee Litigation Group has litigated and negotiated numerous class settlements approved by the Courts in excess of $25 million. The firm has been appointed lead or co-lead counsel in over sixty class actions.

 Federal courts have repeatedly acknowledged and praised the work of C.K. Lee and Lee Litigation Group in class action litigations:

- Hon. Joseph F. Bianco, U.S.D.J., stated: "The quality of the representation here has been extremely high.  As I pointed out, all the papers in this case have been of high quality and its clear to me that class counsel who has significant experience, did an excellent job of representing the class and achieving an excellent result for the class under the circumstances." *Han v. Sterling Nat'l Mortg. Co.*, No. 2:09-cv-05589-JFB-AKT, Dkt. No. 114 at 16 (E.D.N.Y. Aug. 9, 2012), Transcript of Civil Cause for Oral Argument and Decision;

- Hon. Brian M. Cogan, U.S.D.J., stated: "[Among] plaintiffs' lawyers who bring actions, [C.K. Lee] is definitely at the high end in terms of [his] ability to prosecute these cases . . . ." *Sierra v. Triple J. Associates of Queens, Inc.*, No. 1:12-cv-04462-BMC, Transcript at 20 (E.D.N.Y. Oct. 11, 2013);

- Hon. Katherine Polk Failla, U.S.D.J., stated: "I have no doubt as to the quality of the representation in this case.  I know both [Mr. Lee and Ms. Seelig] who have appeared before me in this and many other cases, and they do have substantial and very useful experience in this regard . . . ." *Perez v. Dos Toros, LLC*, No. 14-cv-09183-KPF, Dkt. No. 38 at 24-25 (S.D.N.Y. Jan 28, 2016).

***Factor (3) – Knowledge of Applicable Law***

As explain above, C.K. Lee's knowledge of the applicable law is already evinced on the face of the Amended Complaint, which takes steps to plead that citric acid and ascorbic law function as preservatives, not just in their general tendencies, but in the case of the specific beverages at issue in this case. The same cannot be said of the *Ashour* action. Superior knowledge of the applicable law is also demonstrated by the multiple times defendants in other "no preservative" cases have tried but failed to dismiss complaints filed by C.K. and the Lee Litigation Group. *See Quiroz v. Beaverton Foods, Inc.*, No. 17-CV-7348 (NGG) (JO), 2019 U.S. Dist. LEXIS 57313 (E.D.N.Y. Mar. 31, 2019); *Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 U.S. Dist. LEXIS 110025 (N.D. Ill. July 2, 2019); *Hu v. Herr Foods, Inc.*, No. 16-5037, 2017 U.S. Dist. LEXIS 222806 (E.D. Pa. Sep. 25, 2017); *Cabrega et al.v Campbell Soup Company*, 2:18-cv-03827 (E.D.N.Y.), ECF No. 32.

***Factor (4) – Resources Committed to Representing Class***

With 20 employees, including 8 attorneys, Lee Litigation Group has more than enough resources to effectively manage this case.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss or stay the *Ashour* Action or, in the alternative, appoint C.K. Lee and Lee Litigation Group as lead interim counsel of a consolidated class.

Dated: November 27, 2019

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

*/s/ C.K. Lee*
By:  C.K. Lee, Esq.

C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2019, true and correct copies of this Memorandum of Law

were served on counsel of record via ECF.

*/s/ C.K. Lee*      
C.K. Lee, Esq.
